Campbell, Chief Justice,
delivered the opinion of the court:
This is a suit for refund of income and excess-profits taxes for the years 1917 to 1920, inclusive. Having paid the taxes, application for refund was made by plaintiff and overruled by the Commissioner of Internal Revenue. The claim is (1) that Frank H. Stewart, predecessor of the plaintiff corporation, had developed a good will of large *24 value; (2) that plaintiff acquired the good will so developed by Mr. Stewart and issued $50,000 of its capital stock at par for such good will, and is therefore entitled to have that amount included in its “ invested capital,” as provided in the acts in question, and (3) that the good will- was acquired for stock issued “ bona -fide and specifically therefor.” The defense does not question the fact that Mr. Stewart, who was a pioneer wholesale dealer in electrical supplies, had been engaged in that business for many years in Philadelphia and enjoyed a reputation for business integrity as well as for the quality of products handled, and that accordingly there was a valuable good will of that business, but it does deny that good will, passed to the corporation within the meaning of the taxing acts, or that the corporation made payment “ bona -fide therefor specifically as such ” in money or in its capital stock. The principal question, therefore, is whether the corporation issued capital stock to the amount of 500 shares or less for the good will of the business of the predecessor so as to justify its inclusion as part of. invested capital within the meaning of the applicable statutes. Section 207 of the war revenue act of 1917, 40 Stat. 306, section 326 of' the revenue act of 1918, 40 Stat. 1092. For the purposes of the case it is only necessary to refer to the act of 1917, section .207 of which, defining invested capital, provides that “(3) (b) the good will, trademarks, trade brands, the franchise of a corporation or partnership, or other intangible property shall be included as invested capital if the corporation * * * made payment bona fule therefor specifically as such in cash or tangible property, the value of such good will, trade-mark, trade brand, franchise, or intangible property not to exceed the actual cash or actual cash value of the tangible property paid therefor at the time of such payment; but good will * * * bona fide purchased, prior to March third, nineteen hundred and seventeen * * * for and with shares in the capital stock of a corporation (issued prior to March third, nineteen hundred and seventeen), in an amount not to exceed, on March third, nineteen hundred and seventeen, twenty per cent of the total * * * shares of the capital *25 stock of the corporation, shall be included in invested capital at a value not to exceed the actual cash value at the time of such purchase, andi in case of issue of stock therefor not to exceed the par value of stock par.” The act of 1918 restricts the value of intangibles to be included in invésted capital to 25 per cent of the total shares instead of 20 per cent as in the act of 1917. The plaintiff corporation was incorporated in 1904. While it was in process of organization Mr. Stewart inquired of his attorney whether he could subscribe for or receive capital stock of the corporation in return for the good will of the business which he regarded as valuable, and it was valuable. He was advised that under the Pennsylvania statute he could not thus pay for capital stock, and further that an attempt to do so might-result in delay in effecting the intended incorporation. At the same time Mr. Stewart was advised by his attorney that he could pay for the amount of stock that he contemplated receiving as the value of good will by transferring to the corporation two designated patents and a trade-mark then owned by him. This latter course was adopted. The patents and the trade-mark were duly transferred to the corporation, and in return therefor 500 shares of stock were issued to Mr. Stewart. No stock was issued for good will as such. The corporation’s books showed the account of Mr. Stewart as credited with the patents and trade-mark at the value stated and as debited with the corresponding amount of stock. The good will which the statute authorizes to be included in invested capital is that for which payment has been made bona -fide, “ specifically as such,” or good will 'bona -fide purchased prior to named dates. The reasons for requiring such items as good will, trade-mark, trade brands, or franchises to be paid for specifically as such in estimating invested capital are obyious. The shares of stock were issued for patents. None were issued for good will as such. If Mr. Stewart had sold his holding in the corporation or had opened a store in his individual name in the same neighborhood it is clear that the corporation could not have complained that the good will of his individual business had been paid for in stock. The burden is upon *26 the plaintiff to show that the stock was issued for good will, and it has failed to make the necessary proof. The petition should be dismissed. And it is so ordered.
Moss, Judge; Geaham, Judge; and Booth, Judge, concur.