### LEWIS A. CROSSETT CO. v. UNITED STATES.

#### No. J–580.

Court of Claims.

June 1, 1931.

Donald Horne, of Washington, D. C., for plaintiff.

G. H. Foster, of Washington, D. C., with whom was Chas. B. Rugg, Asst. Atty. Gen., for defendant.

294

.Donald Horne, of Washington, D. C., for plaintiff.

G. H. Foster, of Washington, D. C., and Chas. B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and WHALEY, LITTLETON, GREEN, and WILLIAMS, Judges.

WILLIAMS, Judge.

The plaintiff sues to recover the sum of $100,000, with interest thereon, an alleged overpayment of its income and excess profits taxes for the fiscal year ended March 31, 1920.

The basis of the suit is that the Commissioner of Internal Revenue, in computing plaintiff's invested capital for the year in question, erroneously failed to include therein certain sums representing good will.

The plaintiff corporation upon its organization in 1912 acquired all the assets of every name, kind, and character, including good will, trade-marks, trade-names, both tangible and intangible personal property and assets of its predecessor corporation, Lewis A. Crossett, Inc., for which it issued and paid therefor, $749,000 par value of its stock.

The said transfer was made upon an agreed balance sheet which showed assets amounting to $1,294,650.20, and liabilities amounting to $525,389.09. There was no issue of stock for good will, and no good will appeared on the books of the predecessor corporation, no good will was listed on the balance sheet showing the assets of such corporation, which was the basis of the transfer, and, so far as shown, no good will was set up on the books of the plaintiff corporation. The expenditures for advertising trade-marks, etc., which had been made by the predecessor corporation, were by that corporation charged to current expense of doing business and were not capitalized.

Section 326 (a) (4) of the Revenue Act of 1918 (40 Stat. 1092), which specifies the conditions under which intangible property may be included in invested capital, reads: "Intangible property bona fide paid in for stock or shares prior to March 3, 1917, in an amount not exceeding (a) the actual cash value of such property at the time paid in, (b) the par value of the stock or shares issued therefor, or (c) in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding on March 3, 1917, whichever is lowest. * *. * "

The findings disclose that of the property transferred, sufficient was to be taken at book value to pay at par for the stock issued, and the balance was to constitute paid-in surplus. The net worth of the tangibles transferred, at their book value as shown by the balance sheet, was $769,261.11, for which stock in the plaintiff corporation at the par value of $749,000 was issued and paid, which makes a paid-in surplus of $20,261.11, as of the date of the transfer.

■ The good will which the statute authorizes to be included in invested capital is that for which payment has been made bona fide, "specifically as such," or good will bona fide purchased prior to named dates. Stewart Electric Co. v. United States, 65 Ct. Cl. 21.

■ Intangible property bona fide was not paid in for stock or shares on the transfer of the assets of the predecessor corporation to the plaintiff, and there can be no inclusion of good will in plaintiff's invested capital. A paid-in surplus may not be allowed in re-

spect of an intangible asset. Colorado Continental Lumber Co. v. United States, 42 F. (2d) 327, 70 Ct. Cl. 413; Daily Pantagraph, Inc., v. United States, 37 F.(2d) 783, 68 Ct. Cl. 251.

The plaintiff, however, if otherwise entitled to recover, is barred from bringing this suit because of a failure to file a sufficient claim for refund of the taxes involved. The claim for refund filed March 24, 1925, stated the following grounds:

"In view of the fact that there appear to be adjustments of capital and income and tax, including the redetermination of the tax under special relief sections of the law, which will effect the tax liability of this corporation for the above period and in view of the approaching effective date of the statute of limitations, this claim is filed so that when the matters referred to are finally passed upon, if the result is an overassessment such overassessment can be refunded. Such data as has not already been filed in support of this claim for refund will be filed at a later date, including possible data covering grounds not mentioned herein but which it may be necessary to rely upon, in connection with which it is requested that we be granted an oral conference prior to final action upon this claim. The enumeration of the specific grounds upon which this claim is made shall not be construed to prevent the subsequent assertion of additional grounds as it is specifically stated that additional data in support of this claim and additional grounds for the claim will be filed at a subsequent date."

The second claim for refund filed June 13, 1925, stated as grounds for the allowance of such claim:

"Based upon the following data submitted in its brief to the Commissioner of Internal Revenue:

"(1) Accrual of State taxes fiscal year ending March 31, 1920.

"(2) Minor adjustments to invested capital.

"(3) Consideration of assessment under sections 327 and 328."

In neither claim did the plaintiff set out as a ground for the refund its right to an increase of its invested capital for the year by an inclusion of an amount for good will. The second claim stated three specific grounds: (1) Deduction for accrued state taxes; (2) minor adjustments to invested capital; and (3) special assessment.

The first ground, deduction for accrued state taxes, is not being urged in this suit,

and whether or not it was allowed by the Commissioner is immaterial. The second ground, minor adjustments to invested capital, was allowed by the Commissioner. The third ground was based on the right of plaintiff to have special assessment. The plaintiff neither in this, nor the former claim for refund filed March 24, 1925, makes any mention of its right for a refund on the ground urged in this suit, that it is entitled to have included in invested capital an amount for good will. Colorado Continental Lumber Co. v. United States, supra.

Section 3226 of the Revised Statutes (section 1318 of the Revenue Act of 1921 [26 USCA § 156 and note]), provides that "no suit * * * shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been * * * illegally * * * collected * * * until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury. * * *" Article 1036, Treasury Regulations 62, provides that claim for refund shall be made on form 843 and that "all facts relied upon in support of the claim shall be clearly set forth. * * *"

[4] The precise grounds upon which refund is demanded must be stated in the application to the Commissioner, and a taxpayer cannot base a recovery in court on an entirely different and distinct ground from that presented to the Commissioner. Red Wing Malting Co. v. Willcuts (C. C. A.) 15 F.(2d) 626, 49 A. L. R. 459; Feather River Lumber Co. v. United States, 66 Ct. Cl. 54; United States v. Felt & Tarrant Mfg. Co., 51 S. Ct. 376, 75 L. Ed. ——, decided by the Supreme Court, April 13, 1931.

▉ The plaintiff not having filed with the Commissioner of Internal Revenue within the time provided by law, a claim for refund setting forth the grounds relied upon in this action, cannot maintain suit in this court.

The petition will be dismissed. It is so ordered.