## NEW YORK LUBRICATING OIL CO. v. UNITED STATES.

### No. H–63.

Court of Claims.

June 1, 1931.

298

Donald Horne, of Washington, D. C., for plaintiff.

Geo. H. Foster, of Washington, D. C., and Chas. B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and WHALEY, LITTLETON, GREEN, and WILLIAMS, Judges.

WILLIAMS, Judge.

The plaintiff brings this suit to recover an alleged overpayment of income and excess profit taxes for the year 1918, with interest thereon as provided by law.

The basis of plaintiff's claim is that it is entitled to have its invested capital for the year in question increased from the amount computed by the Commissioner of Internal Revenue by the inclusion therein of certain amounts for good will.

Two defenses are interposed by the government to the plaintiff's right to recover: (1) That no claim for refund was filed by the plaintiff which asserts a right to include in invested capital any sum for good will, and (2) that no good will of any value was acquired by the plaintiff for stock or shares, as required by section 326 (a) (4) of the Revenue Act of 1918 (40 Stat. 1092).

Conceding, without deciding, that the claim for refund filed by plaintiff on March 14, 1924, was timely under the statute, it is precluded from recovering under the first defense interposed by the defendant.

The issue with reference to the sufficiency of the claim for refund and the facts relative thereto is identical with a similar issue and the facts presented in Lewis A. Crossett Co. v. United States (Ct. Cl.) 50 F.(2d) 292, this date decided. The claim for refund in this case contained no claim of the right to include any amount in invested capital on account of good will, and presented no facts that would support such a claim. For the reasons stated in the Crossett Case, supra, and upon the authorities cited therein, the petition in this case must be dismissed. It is so ordered.