HENRY PRENTISS & CO., Inc., v. UNITED STATES.

No. 318.

Circuit Court of Appeals, Second Circuit.
April 11, 1932.

Jeffery & Redmond, of New York City (Joseph F. Murray and William P. Jeffery, both of New York City, of counsel), for plaintiff.

George Z. Medalie, U. S. Atty., and Leon E. Spencer, Asst. U. S. Atty., both of New York City.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

Plaintiff in this action seeks recovery for taxes overpaid in 1918 and 1920. It paid income and profits taxes for 1918 on a return to be due in the sum of $535,144.20. An additional assessment was paid in the amount of $119,191.19. For 1920, its income and excess profits were computed on a return to be due in the sum of $92,265.40. Plaintiff's contention is that the 1918 and 1920 taxes have been overpaid in the respective sums of $12,102.95 and $7,975.21, as a result of the Commissioner's failure to allow in each year a sufficient sum for invested capital. It is argued that the plaintiff should have been allowed in each year an increase of invested capital of $153,871.08. Of this sum, $46,371.08 represented an additional value for real estate, and $107,500 a value for intangibles, such as good will. Below, the plaintiff was denied any amount for the calendar year 1918 because of the insufficiency of the claim for refund filed for that period. For 1920, the court granted a recovery in the sum of $7,975.21. By stipulation the real estate is valued at $81,000 as of September 1, 1916. The defendant urges that the allowance for intangibles is not justified as a matter of law.

The plaintiff was organized in August, 1916, with an authorized capital stock of $10,000, which was issued to the Prentiss Tool & Supply Company, its predecessor in title. On the day after this stock was issued, it was increased from $10,000 to $500,000 par value and the 4,900 new shares were issued to the original stockholders. Thereupon, all the property was transferred to the plaintiff. The stock, pursuant to a resolution therefor, was distributed pro rata to the stockholders of the old company and the property passed from the old company to the plaintiff so that the stockholders had the same interest as before. The closing balance sheet of the old company and the opening one of the new showed the same assets and identical items of capital and liability, except that the capital stock of the Prentiss Tool & Supply Company was $25,000 and the surplus $913,894.35; whereas the plaintiff's stock was shown as $500,000 and the surplus as $438,894.35. Neither balance sheet included any value for good will and no such item was carried on the books of either company. The capital and surplus immediately before and after this transaction was the same total sum.

Section 326 (a) of the Revenue Act of 1918 (40 Stat. 1092), provides, in the calculation of taxes, that in determining invested capital for any calendar year the taxpayer is entitled to include as such any amount representing a value for intangibles or good will if it represents, (a) an actual cash sum, paid in for stocks or shares; (b) the par value of the stock or shares issued therefor, or (c) in the aggregate 25% of the par value of the total stock or shares of the corporation outstanding on March 3, 1917, whichever is lowest. And section 327 (40 Stat. 1093) provides for the determination where the Commissioner is unable to determine invested capital as provided in section 326. But section 327 requires a specific allocation as to shares issued for tangible and intangible property. From the balance sheet and this record, it is very evident that no shares were issued by the Prentiss Tool & Supply Company or this taxpayer for intangible property. For taxation purposes, there may be no "write-up" to increase invested capital. Here the plaintiff issued all its capital stock in the sum of $500,000 to the old company in exchange for its assets. The resolution of the old company provided that the stock be acquired from the plaintiff and distributed pro rata among its stockholders. There was no item for good will. The plaintiff received in exchange for its capital stock all the business property previously owned by the Prentiss Tool & Supply Company, but the capital stock was issued for the assets as they were then fixed and valued, as the financial statement indicated. While it is true that the plaintiff is a separate corporate entity and may have acquired the property of its predecessor at a value corresponding to the property's true value, it is also a fact that the Prentiss Tool

& Supply Company in the resolution of its board of directors, August 25, 1916, wherein the transfers were provided for, offered to accept $490,000 par value of the stock in lieu of cash. At this time, apparently, there was no intention to write up an increased invested capital. The value was fixed by the financial statement and there no value was allocated to good will. We must conclude that the plaintiff issued capital stock for the property as it then stood. The good will followed the property and was no part of the consideration for which the stock was issued to the plaintiff. Good will is excluded unless it has been secured at a cost. Red Wing Malting Co. v. Willcuts, 15 F.(2d) 626, 49 A. L. R. 459 (C. C. A. 8).

In La Belle Iron Works v. United States, 256 U. S. 377, 41 S. Ct. 528, 65 L. Ed. 998, the taxpayer acquired ore lands for which it paid the sum of $190,000 prior to 1904. The property appreciated so that during the period from 1912 to 1917 its actual value was upwards of $10,000,000. In 1912, the company increased the value of the ore lands on its books by adding thereto $10,000,000, which it carried as surplus, and during the same year it declared a stock dividend of $9,915,400. Theretofore its capital stock consisted of shares having a par value of $9,915,400. The stock dividend was accomplished by retiring its own stock and issuing one share of preferred and one share of common for each share retired. In its income tax return for the calendar year 1917 it valued its invested capital at $26,322,904.14, which included the write-up figure of $10,105,400. The Commissioner reduced the company's invested capital to $16,407,507.14. The court held that invested capital was restricted to actual money, or its worth, expended. Cash and intangible property paid in are confined to such as were contributed for stock in the corporation. The taxing statute may not be construed as including within the definition of invested capital any marking up of the valuation of the assets upon the books to correspond with the increase in market value, or any paper transaction by which the new shares were issued in exchange for the old ones in the same corporation, but which were not in substance and effect a new acquisition of capital property by the company. Hotel Wisconsin Realty Co. v. Com'r, 47 F.(2d) 842 (C. C. A. 7); Golden Cycle Corp. v. Com'r, 51 F.(2d) 927 (C. C. A. 10). It is apparent that to include good will as invested capital the stock of the company must be specifically issued for the intangibles. It is not enough to issue it for the property generally which was taken over. Good will is an incident to the business of any going concern and may follow it and not be paid in for the stock of the acquiring company. Lewis A. Crossett Co. v. United States, 50 F.(2d) 292 (Ct. Cl.); Landesman-Hirschheimer Co. v. Com'r, 44 F.(2d) 521 (C. C. A. 6).

The defendant does not dispute the undervaluation of the real estate. The claim filed for refund of taxes paid for the calendar year 1918 is disputed because of its insufficiency and inadequacy to support this claim for additional invested capital by reason of such undervaluation. The plaintiff, in its claim for refund, asked for its allowance stating that "it is entitled to relief under sections 327, 328 of the 1918 act." The relief to be granted under these sections concededly is not similar to that which is now sought in this suit. Section 1113 of the Revenue Act of 1926 (44 Stat. 116, now section 3226 of the Revised Statutes, as amended [26 USCA § 156]) requires that the claim which is presented must be stated in the application to the Commissioner, and the taxpayer cannot base a recovery in the court upon an entirely different and distinct ground from that presented to the Commissioner. United States v. Felt & Tarrant Mfg. Co., 283 U. S. 269, 51 S. Ct. 376, 75 L. Ed. 1025; Lewis A. Crossett Co. v. United States, 50 F.(2d) 292 (Ct. Cl.). The claim for refund made no reference to undervaluation of real estate and no reference was made to it until after the claim was rejected by letter of July 16, 1925. However, the Commissioner's action did not appear on the rejection schedule until September 3, 1926. On April 12, 1926, the plaintiff filed an additional brief which is in effect an amended claim. Its first brief had been filed before rejection. There was a reconsideration by the Commissioner of the claim after rejection, and it was then urged that there had been an undervaluation of real estate which should have been taken into consideration in determining invested capital. This was sufficient upon which to base a claim under section 326 as to the allowance for real estate increases. This claim was reconsidered and disallowed. It was sufficient to advise the Commissioner while the claim was under consideration of the reasons the plaintiff put forth then and now for its allowance.

The claims for undervaluation of the real estate will be allowed and the claims for intangibles disallowed. It follows that the

judgment below will be reversed, with directions to the District Court to enter a judgment allowing recovery for both 1918 and 1920 taxes to the extent of the undervaluation of the real estate which resulted in an excess payment; the claims for allowance for intangibles are disallowed.

Judgment reversed, with directions to enter a judgment in conformity with this opinion.