## JAMES S. KIRK & CO. v. UNITED STATES.
### No. L-185.

Court of Claims.
May 29, 1933.

634

Clarence N. Goodwin, of Washington, D. C., for plaintiff.

George H. Foster, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The question in this case is whether plaintiff is entitled to have included in invested capital for the fiscal year ending November 30, 1917, an amount for intangible assets acquired through expenditures for canvassing and advertising.

Plaintiff contends that the expenditures from 1900 to 1906 by its predecessor, the New Jersey corporation, developed intangible assets of great value which were acquired by the present corporation in 1906, and that the subsequent expenditures for somewhat similar purposes should be capitalized, and that the invested capital for 1917 should be increased by reason thereof. In the petition filed plaintiff also contended for an increase of invested capital for an additional allowance on account of tangible assets; i. e., real estate acquired for stock. As a result of a decision by the United States Board of Tax Appeals in the case of this taxpayer for subsequent years, the Commissioner allowed plaintiff additional invested capital for 1917 of $300,018.40 on account of an increased cash value of real estate allowed by the Board, and, after the institution of this suit, refunded to plaintiff an additional amount of $15,507.80 on this account for 1917. Plaintiff, therefore, prays judgment for $20,322.14 with interest, instead of $35,829.94 claimed in the petition.

The issue presented is largely a question of fact. The facts establish that the assets acquired by plaintiff in this case exceeded the par value of the stock of $1,500,000 issued, without giving any effect to the liabilities assumed, and to permit inclusion in invested capital of intangibles would amount to permitting a paid-in surplus in respect of an intangible asset. This is not permitted. Daily Pantagraph, Inc., v. United States, 37 F. (2d) 783, 68 Ct. Cl. 251; Colorado Continental Lumber Co. v. United States, 42 F. (2d) 327, 70 Ct. Cl. 413; New York Lubricating Oil Co. v. United States, 50 F.(2d) 296, 72 Ct. Cl. 245; and Crossett Co. v. United States, 50 F.(2d) 292, 72 Ct. Cl. 292.

Invested capital is a statutory conception, and only those items specifically named in the statute may be included therein. We have found as a fact, after careful consideration of all the evidence, that at the time of the incorporation of plaintiff "there were no values properly to be placed on good will, trade names, or trade brands and that, neither the business nor the stock of the corporation had an actual cash value of more than $1,939,226.20."

We are of opinion that the expenses in connection with advertising and canvassing by the plaintiff did not result in the acquisition of any asset the value of which can be included in invested capital. All these expenditures were charged to expense of doing business, and were deducted from income. The proof does not satisfactorily establish that any asset of a character that may be included in invested capital was acquired by reason of expenditures, and none was set up on the books. See finding 5. Extensive advertising and canvassing may create something of an intangible asset in the nature of good will which may be of value to the company, but good will developed by the taxpayer or created cannot be included in its invested capital. The evidence does not establish the lasting effect of the expenditures

involved. It was necessary to make large annual expenditures for advertising, as shown by finding 5, and we may not safely speculate as to what portion of the advertising and canvassing expense was for current sales and what portion might affect the future. In our judgment, plaintiff is not entitled to recover.

The petition is therefore dismissed. It is so ordered.

BOOTH, Chief Justice, did not hear this case on account of illness, and took no part in its decision.