Gjraham, Judge,
delivered the opinion of the court:
The Ford Motor Company, a Michigan corporation, had in its treasury at the close of the fiscal year ended July 31, 1916, a large cash surplus. Plaintiffs’ testator, a stockholder, demanded that a portion of this surplus be distributed as dividends in addition to the regular dividend. The directors refused the demand, and the plaintiffs brought equitable action to compel the distribution. The circuit and supreme courts of Michigan decided that the action of the directors in refusing to make the distribution was arbitrary and exceeded their discretion, and ordered them to make distribution of fifty per cent of said surplus, with interest from December 5, 1917, the date of the decree of the lower court. The directors on July 10, 1919, made the distribution as ordered, and a dividend was paid to and received by the plaintiffs’ testator on the same day.
The plaintiffs contend that while the dividend was actually received in cash on the date mentioned their testator had a right, because of the decision of the court, to receive it in 1916 or 1917; that constructively he received it in 1916 and that therefore it should be accounted for as income for that year and not 1919. The Commissioner of Internal Revenue held that it was received in and should be accounted for as income for 1919.
First let us consider whether the dividend received by plaintiffs’ testator could have been treated as income received in 1916 or 1917. It was not “ gains or profits ” actually received during those years, and therefore was not income for those years. Nor did the plaintiffs’ testator then claim that it was or return it as part of his gross income for either *194 of those years. He could not at that time under the revenue statute applicable to 1916 and 1917 have been legally assessed for it as income received during either of those years.
Section 1211 of the revenue act of 1917, 40 Stat. 300, 338, is as follows:
“ Sec. 31 (b). Any distribution made to the shareholders or members of a corporation * * * shall constitute _ a part of the annual income of the distributee for the year in which received.”
It will be seen from the authorities hereafter cited that the word “ received ” as used in this act means actually received during the taxable year, and it must have been preceded by a distribution, i. e., action by the directors effecting a distribution.
During the years 1916 and 1917 there had been no distribution; on the contrary a suit was pending to compel it, and no dividend had then been actually or even constructively received. The whole matter was in the doubtful field of litigation. Not until the final decree of the supreme court of Michigan and the action of the directors in July, 1919. making the distribution of the dividend to the plaintiffs' testator, could the latter have been legally assessedAherefor. It was not known until the decision of the supreme court whether there would be a distribution. The court might have decided adversely to plaintiff’s petition to compel distribution. As the statute for the years mentioned applied only to cases where there had been an actual distribution and a receipt thereof during those years, no “ gains or profits ” which had beén distributed and received during subsequent years could be legally assessed as income for 1916 or 1917. This claim in 1916 and 1917, and until July, 1919, was a mere claim of a right to distribution. It would thus appear that the dividend was not income within the meaning of the applicable statute for the years 1916 and 1917, and was not “ gains or profits ” actually received during those years which could be assessed as part of the testator’s gross income. Was it then income assessable under the statute of 1919?
The interest which the plaintiffs’ testator had in 1916 as far as the undistributed surplus was concerned was the *195 same as that of any other stockholder. Nothing had been set aside for him personally, and the stockholders, and no one of them in 1916 or 1917, had either a claim to any particular sum of money or a right to any particular portion of the assets until the directors concluded that a fund should be set aside for the purpose of paying the dividends. When paid in money or some other divisible property, and then only, does the stockholder realize “ gains or profits ” which become his own property. Eisner v. Macomber, 252 U. S. 189, 209. In Maryland Casualty Co. v. United States, 251 U. S. 342, 52 C. Cls. 201, both courts held that “ income ” used in revenue legislation has a well-settled legal meaning, and that the courts have uniformly construed it to include only what is “ received.”
What is taxed is the income “ received.” The courts have always endeavored to place a construction on the statutes which is in accord with the intent to reach the actual and not the potential income. The net income which is the measure of taxation means what has actually been received, not that which though due has not been received and its payment for some reason deferred. Mutual Benefit Life Insurance Co. v. Herold, 198 Fed. 199.
The plaintiffs ask the court to indulge in a fiction that their testator realized or received “ gains or profits ” in 1916 or 1917 when in fact he received same in 1919.
As to the testator’s interests in this fund before distribution' it should be borne in mind that the corporation must be regarded as a substantial entity separate from the stockholders, not only because such is a practical fact but because it is only by recognizing such separateness that a dividend, even when paid in money, may be regarded as the income of the stockholder. Eisner v. Macomber, supra, p. 214. Even Congress can not tax without apportionment a stockholder’s interest in accumulated earnings prior to declaration of dividend. Eisner v. Macomber, supra, p. 218, and authorities cited.
We are of opinion that the dividend involved, being actually received in the year 1919, was properly assessable as part of testator’s gross income for that year.
*196 Section 213 (a) of the revenue act of 1918, 40 Stat. 1057, 1065, being in force in 1919, is as follows:
“The amount of all such items shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under subdivision (b) of section 212, any such amounts are to be properly accounted for as of a different period.”
This act is unambiguous. It makes receipts a part of the gross income “ for the taxable year in which received by the taxpayer.”
Plaintiffs can not claim that the dividend received in 1919 accrued in 1916 if testator kept his book not upon an accrued but a cash basis, as he did.
Congress was dealing with actualities, with income. It was not intended that the taxpayer should charge himself, as part of the gross income, with sums claimed but not received, and should only be allowed to deduct such sums as he had actually expended and not those for which they were claims against him. Undivided corporate profits are not income of the stockholder. It is of the essence of income that it should be realized. Potentiality is not enough. Income necessarily implies separation and realization. There is no income from an investment until there has been a separate realized gain. The profits of a corporation are its property, they belong to it. When a corporation distributes these profits in dividends then, and not till then, does the stockholder realize a gain, and this gain is income. Until there is a distribution there can be no income. It is only .income when it comes in, when it is received as a gain by the stockholder by reason of a distribution as dividends. The corporation would of course pay its income from .its profits, but there is no income to the stockholder until he receives it. Until then it is not “ gains or profits ” for which he must account under the statute as a part of his gross income.
There has been some contention that the fund in this case was impounded by the preliminary restraining order of the lower court of Michigan. That order did not set aside any fund for dividends but simply restrained the directors from proceeding with a plan to use the surplus or a part of it in building smelting works and other additions. The supreme *197 court reversed the decree of the lower court, particularly as to the restraint put upon the directors by this order, and directed that only a portion of the fund be distributed, allowing the directors to use their discretion as to the balance.
Some stress has been laid upon the fact that the Supreme Court of Michigan in ordering a distribution fixed the same as of the 7th of December, 1917, w,ith interest from that date, being the date of the final decree of the lower court. In the view we take of this case, the fixing of the distribution date as December 7, 1917, is not important. The “ gains or profits ” were actually received in 1919, and no action of the Supreme Court of Michigan could change what we conclude to be the plain meaning of the revenue act of 1919.
The petition should be dismissed and it is so ordered.
Moss, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.