Graham, Judge,
delivered the opinion of the court:
This is a suit for the recovery.of income and excess-profits taxes claimed to have been illegally exacted. The defendant counterclaims for a sum in excess of the amount assessed and collected.
The principles applicable to this case have been passed upon in Edwards v. Douglas; 269 U. S. 204; Mason v. Routzahn, decided by the Supreme Court on November 21, 1927, 275 U. S. 175; and in the Horst cases, decided to-day by this court. Ante, pp. 433, 449.
The court said in the Mason case :
“ The Government admits that no profits were earned in 1917 prior to the payment of the dividends here in question,” and that the 1917 rate did not apply for the reason “ that the most recently accumulated net profits were those earned in the year 1916, which were more than sufficient to pay the dividend.”
In that case it appeared that there had been no earnings prior to the payment of the dividends. The Circuit Court of Appeals held that even though this did appear, the tax, under the decision in the Edwards case, should be prorated against the year’s earnings for the period prior to the payment of the dividend.
The Supreme Court held that this was error for the reason that where it affirmatively appeared that there had been no earnings prior to the payment of the dividend the tax for 1917 was not applicable, but it also held:
That where it did not appear what the earnings were for the antecedent period, the earnings for the whole year should be prorated to that period and the amount so shown was taxable at the 1917 rate;
*465 That where the earnings for the antecedent period affirmatively appeared, the taxpayer was only liable at the 1917 rate to the extent of the amount of such proved earnings.
The court further said in the Mason case:
“ That the amount actually available for payment of dividends out of the current year’s earnings prior to the date of payment may always be shown; that such had been the practice of the Treasury Department from the time the revenue act of 1917 took effect until the date of the court of appeals’ decision; and that this rule was embodied in its regulations.
“We see no good reason for disturbing the long-settled practice of the Treasury Department. Its contemporary interpretation is consistent with the language of the act and its practice was, in substance, embodied in the revenue act of 1918, February 24,1919, c. 18, sec. 201 (e), 40 Stat. 1057,1060. We conclude that the Circuit Court of Appeals placed an erroneous construction on, sec. 31 (b).” [Section added to revenue act of 1916 by revenue act of 1917, c. 63, Title XII, 40 Stat. 300, 338.]
The part' of the act of February 24,1919, above cited, is as follows:
“Any distribution made during the first sixty days of any taxable year shall be deemed to have been made from earnings or profits accumulated during preceding taxable years; but any distribution made during the remainder of the taxable year shall be deemed to have been made from earnings or profits accumulated between the close of the preceding taxable year and the date of distribution, to the extent of such earcfings or profits, and if the books of the corporation do not show the amount of such earnings or profits, the earnings or profits for the accounting period within which the distribution was made shall be deemed to have been accumulated ratably during such period.” .
Judson M. Bemis, then a citizen of Missouri, on the 1st of April, 1918, filed a return of his income and excess profits for the year ending December 31, 1917. He kept his books of account on a cash receipts and disbursements basis as distinguished from an accrual basis, and his return was filed on that basis. He died on April 1, 1921, intestate. An administrator of his estate was duly appointed, who administered the estate, paying all debts and distributing the assets, *466 and was discharged on January 8, 1923. No other administrator has since been appointed. The plaintiffs are the heirs at law and next of kin of said Bemis.
In the year 1918 the Commissioner of Internal Revenue assessed upon said Judson M. Bemis income and excess-profits taxes for the year ending December 31, 1917, in the amount of $40,012.18, which was paid by said Bemis on June 12, 1918.
On or about February 16,1923, the plaintiffs filed with the commissioner a claim for refund or credit of $13,681.04, or such greater amount as was legally refundable, with interest from June 12, 1918, which claim was disallowed on or about July 20, 1923.
Speaking generally, the matters in dispute concern certain dividends which were paid to and received by plaintiff during 1917. The earnings for 1917 of the companies from which the decedent received these dividends were sufficient to pay the dividends declared by them during that year. With the exception of the dividend paid on February 1,1917, by the Bemis Bro. Bag Co., of which the decedent received as his share $29,060 (Finding III), and the dividend of the Angus Jute Co., Ltd., paid February 15, 1917 (Finding XIII), of which plaintiff received $84,974.17, the corporation paying the dividend in each case had accumulated between January 1, 1917, and the date of payment of the dividend surplus and undivided profits sufficient to pay the dividend. So that, under the decisions and the law as heretofore stated, these dividends were taxable at the 1917 rate.
As to the dividend of $29,060, the Bemis Bro. Bag Co., between January 1, 1917, and the date of payment of the dividend, had accumulated surplus and undivided profits sufficient to pay to decedent, Judson M. Bemis, $10,412.20 as his share of the dividend declared and a similar proportion to the other stockholders of the company. Under the law as stated, the decedent was subject to tax only on $10,-412.20. As he was taxed by the commissioner on the whole sum received, plaintiffs are entitled to a refund of the tax on $18,647.80, the difference between these two sums.
As to the dividend of $84,974.17, the Angus Jute Co., Ltd., between January 1, 1917, and the date of payment of the *467 dividend, February 15, 1917, 'bad accumulated surplus and undivided profits sufficient to pay decedent $4,276.91 (Finding XVII). As decedent was subject to tax only on $4,276.91 and the commissioner taxed him at the 1917 rate on the whole dividend received, the plaintiffs are entitled to a refund of the tax on the difference between the two sums, $80,697.26.
It is not for the court to calculate the tax on these two sums, namely, $18,647.80 and $80,697.26, to which the plaintiffs are entitled to a refund; nor has it been possible to do so from the facts. An opportunity wil) be afforded the parties to stipulate the amount of said tax in accordance with the foregoing conclusions, and to submit an agreement covering the amount of judgment to be entered in favor of the plaintiffs. For this purpose further consideration of the case is deferred for thirty (30) days.
Moss, Judge, and Booth, Judge, concur.
On February 6, 1928, on motion made therefor, and it appearing from a stipulation, duly filed in conformity to the order of the court, that recalculation of the tax developed no overpayment, the petition was dismissed.