GRAham, Judge,
delivered the opinion of the court:
The facts in this case are not disputed. The report of the commissioner was accepted by both parties.
The original brief of defendant was filed upon an erroneous construction of the statute involved. In its supplemental brief it changed its position, due to the decision in Mason v. Routzahn, decided by the Supreme Court on November 21, 1927, 275 U. S. 175, and the Bemis cases, 64 C. Cls. 457, 467, decided on January 16, 1928. Under .these decisions the tax paid by the plaintiff in accordance with the assessment by the Commissioner of Internal Revenue was the tax due, and therefore plaintiff was not entitled to a refund on the ground of an erroneous assessment; and there seems to be no dispute about this feature of the case. The one question is whether the tax should be paid on the dividend earned during the period from January 1, 1917, to the date of decla *250 ration of the dividend or the date of payment thereof, the plaintiff contending that it should be paid as of the date of declaration. It is unnecessary to enter Hito a discussion of this question, which has been several times decided by the courts. The date of payment is the controlling date, it being the time at which the dividend was received. See Edwards v. Douglas, 269 U. S. 204; Mason v. Routsahn, supra; Dodge and Bloomer v. United States, 64 C. Cls. 178; and Bemis cases, supra. The petition should be dismissed, and it is so ordered.
Moss, Judge; Booth, Judge; and Campbell, OMef Justice, concur.