## CONTINENTAL–ILLINOIS NAT. BANK & TRUST CO. OF CHICAGO v. UNITED STATES.

### No. 4888.

Circuit Court of Appeals, Seventh Circuit.

Oct. 16, 1933.

Edward F. Colladay and Wilton H. Wallace, both of Washington, D. C., and David O. Dunbar and Stanley Rich, both of Chicago, Ill., for appellant.

Dwight H. Green and William S. Duiker, both of Chicago, Ill., for the United States.

Before ALSCHULER and SPARKS, Circuit Judges, and WILKERSON, District Judge.

WILKERSON, District Judge.

This appeal involves income taxes on two trust estates created under trust deeds which are the same in all essential respects.

The deeds were executed on June 28, 1919, and each of them transferred to the appel-lant bank as trustee one hundred seventy-five shares of the stock of the Ford Motor Company. The deeds were in the usual form and amounted in effect to a gift of the stock for the use of the named beneficiaries.

On June 10, 1919, there had been terminated by the Supreme Court of Michigan a suit to compel a distribution of the accumulated cash surplus of the Ford Company. That suit was brought in the circuit court of Wayne county, Mich., in 1916, and in December, 1917, a decree was entered ordering a distribution to the extent of one-half of the cash surplus then on hand. An appeal was taken by the Ford Company to the Supreme Court of Michigan, and on February 7, 1919, the order of distribution was affirmed. (Dodge v. Ford Motor Co., 204 Mich. 457, 170 N. W. 668, 3 A. L. R. 413). On June 10, 1919, a petition for rehearing was denied and the mandate of the Michigan Supreme Court issued. On July 10, 1919, the directors of the Ford Company authorized a distribution of dividends in compliance with the decree of the circuit court of Wayne county and appellant bank received in each of the trust estates $182,106.18 as such dividends and interest thereon from the Ford Company. The facts with reference to the litigation in the Michigan court are more fully stated in Dodge v. United States, 64 Ct. Cl. 178, and Kales v. Woodworth (C. C. A.) 32 F.(2d) 37.

On March 15, 1920, appellant bank as trustee filed its fiduciary and individual returns of income for 1919 in respect of such trusts, and paid $6,589.93 income tax for each of the beneficiaries. On September 23, 1922, after an audit by the commissioner, an additional tax of $66,519.43 was assessed against each of the beneficiaries. The taxes so assessed were paid on November 10, 1922, under protest. On October 8, 1923, claims for refund, together with amended fiduciary and individual returns for 1919, were filed with the collector, and after the rejection of such claims on August 2, 1924, these suits were brought.

Appellant in its returns had computed the taxes on the basis of the rates applicable for 1916, the year in which the suit to compel the distribution was brought. The additional assessment was made on the basis of rates for 1919, the year in which the dividends were paid.

Appellant claims that in view of sections 213 (b) and 202 of the Revenue Act of 1918 (40 Stat. 1065, 1060) and the regulations promulgated under the Revenue Act of 1918 (article 1562, Regulations 45 [1920 Ed.], as amended by T. D. 3206, C. B. July-December,

1921, p. 55), the Ford distribution was not income to the trustee. It is also claimed that in computing the net income in each case the trustee's fees and commissions, which amounted to $3,529.98, should have been deducted. Section 214 (a) (1), Revenue Act of 1918, 40 Stat. 1066.

■ The United States urges that regardless of the soundness of the propositions now put forward by appellant as grounds of recovery, but not presented to the commissioner, the suits cannot be maintained because the claims for refund do not comply with the requirements of the Revenue Act and Regulations.

In the original returns made by the trustee the Ford distributions were listed as "dividends received directly from Ford Motor Company and paid under order of court out of surplus in the hands of corporation, July 31, 1916." In amended returns the income was described as "dividends and interest paid under order of court dated 7–31–16, taxable at 1916 rates as set forth in the statement of facts attached hereto."

In the statement accompanying the amended returns the facts relative to the litigation are set forth with the conclusion that "as a result of said distribution there was received by Illinois Trust and Savings Bank, trustee of the trust estate * * *, the sum of $181,142.33, upon which sum said trustee paid an income tax computed on the basis of the surtax prescribed in the Revenue Act of 1916, as income derived during 1916."

In the exceptions filed to the proposed additional assessment, there is no mention made of the date of the trust agreements, nor is there any statement concerning the terms of those agreements. There are no averments to the effect that there are no other documents relating to the liability for taxes on the distribution. In short, the facts stated are those relating to the litigation in the Michigan courts, which were relied upon to support the claim that the tax should be estimated on the basis of 1916 surtax rates.

In the exceptions is the following: "However, if for any reason the amount received by this trustee upon which additional assessment is proposed to be levied, is not 1916 income, then it should be held 1917 income, calculable on 1916 surtax rates * * *."

In the letter of protest accompanying the remittances for the additional tax it is stated:

"The amount of said tax is a tax on income alleged to be derived by us as Trustee in the year 1919 by reason of a certain dividend paid by Ford Motor Company, then a Michigan corporation, as a result of a suit in which John F. Dodge, et al., were plaintiffs and the Ford Motor Company, et al., were defendants. The amount of said tax being arrived at by calculating the tax on said dividend and interest received thereon on the basis of surtax rates in force and effect for the year 1919, whereas, we are (as) Trustee, allege that the income derived by us from said dividends, was income derived either during the year 1916 or during the year 1917.

"Having already paid the income tax on the income so derived, calculated on surtax rates, in force and effect for the year 1917 on the basis of 1916 accrual, in full, it is our contention that no further tax is due from us as Trustee at 1919 rates on said dividend to the Government, by reason of said dividend having been paid to us."

In the claims for refund, the grounds relied upon are stated as follows: "The tax, for the refund of which this claim is filed, was erroneously and illegally assessed and collected, although duly protested, in respect of a distribution of $168,659.63 made by the Ford Motor Company to Illinois Trust and Savings Bank, Trustee of Wendell W. Anderson, one of its stockholders. Such distribution was income to the said Trustee for 1916, or 1917, and was not income to said Trustee for 1919. For further reasons why this application should be allowed, reference is hereby made to brief attached hereto, dated February 17, 1922, filed with the Committee on Appeals and Review of the Bureau of Internal Revenue."

The brief which is referred to in the claims consists of the statement of facts and exceptions filed with the commissioner before the additional assessment was made, and the letter of protest to the collector, a portion of which is quoted above.

Appellant urges that certain language in the exceptions filed with the commissioner is broad enough to include the grounds upon which it now relies. To be sure, in some of the exceptions there is the statement that the dividend was not taxable at 1919 rates; but when those statements are read as a part of the entire document, it is clear that the trustee intended to admit that it was liable for a tax upon the dividends, and that the only controversy related to the year the surtax rates of which should be applied in computing the tax. Neither in the claims for refund, nor in the papers therein referred to, or connected therewith, is there a statement of fact tending to show that the trustee was not liable for any tax on the dividends.

Appellant also urges that the returns of the trustee showed that no returns were made for the year 1918, and that the government agents who made the audit upon which the additional assessment was based, must have ascertained the date and terms of the trust agreements. In our opinion, the possibility or probability that the government agents might have ascertained the facts now relied on for recovery cannot take the place of compliance with the requirements of the statutes and the departmental regulations made pursuant thereto.

Section 1318 of the Revenue Act of 1921 (42 Stat. 315, [26 USCA § 156]) provides: "No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, * * * until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof."

Article 1013 of Regulations 62, provides: "Claims by the taxpayer for the refunding of taxes and penalties erroneously or illegally collected shall be made on Form 843. In this case the burden of proof rests upon the plaintiff. All facts relied upon in support of the claim should be clearly set forth under oath. * * * *"

The filing of a claim or demand as a prerequisite to a suit to recover taxes paid is a familiar provision of the revenue laws, compliance with which may be insisted upon by the defendant, whether the collector or the United States. United States v. Felt & Tarrant Mfg. Co., 283 U. S. 269, 51 S. Ct. 376, 75 L. Ed. 1025; Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253; Arizona Commercial Mining Co. v. Casey (D. C.) 32 F.(2d) 288; Meinrath Brokerage Co. v. Crooks (D. C.) 28 F.(2d) 991; Red Wing Malting Co. v. Willcuts (C. C. A.) 15 F.(2d) 626, 49 A. L. R. 459. One of the objects of such requirements is to advise the appropriate officials of the demands or claims intended to be asserted so as to insure an orderly administration of the revenue. United States v. Felt & Tarrant Mfg. Co., supra.

If we were to give to all of the papers and documents before the commissioner the same effect as if they were set out in the claims for refund, there would be absent from the claims the statement of any fact relating to the date of the trust and its terms. Nor may the court be asked to speculate as to what the commissioner might have discovered in connection with the audit. The trustee acted precisely as if there was a definite agreement between the settlors of the trusts and the trustee that the trustee should pay the tax on the dividend when it was declared. Everything done by the trustee up to the time of the trial tended to show such an understanding. If the trust agreement itself had been filed with the commissioner he would have been warranted in believing, in the absence of an express statement to the contrary, that there was a separate agreement which relieved the settlors from paying the tax and obligated the trustee to do so.

The case here is not one of liberality in allowing amendments of claims either before or after they have been barred by the statute of limitations. United States v. Factors & Finance Co., 288 U. S. 89, 53 S. Ct. 287, 77 L. Ed. 633; United States v. Henry Prentiss & Co., 288 U. S. 73, 53 S. Ct. 283, 77 L. Ed. 626; United States v. Memphis Cotton Oil Co., 288 U. S. 62, 53 S. Ct. 278, 77 L. Ed. 619. No attempt was made by appellant to amend its claim. If we assume, for the purpose of the argument, that an amendment would have been permitted if timely application had been made, that fact does not relieve appellant from compliance with the plain requirement of the statute and regulation.

Appellant in the claims for refund stated facts which it said entitled it to the benefit of the 1916 tax rates. The plain language of the returns and claims is that some tax is due from the trustee. The only question raised was as to the rate which should be applied in computing the tax. Appellant now seeks recovery on grounds not stated in the claims which, if well taken, would have relieved the trustee from the payment of the tax even on 1916 rates. The act of the trustee in paying the original tax is utterly inconsistent with the claim now put forward by it. The position of the appellant, in our opinion, stretches the rule of liberality beyond reasonable limits, and carried to its conclusion would nullify the requirement of the statute and regulation.

Appellant was not entitled to any refund upon the grounds stated and argued before the commissioner. The tax was properly computed by the commissioner on the basis of 1919 rates. Dodge et al., Executors, etc. v. United States, 64 Ct. Cl. 178; Kales v. Woodworth, supra. The failure to state the facts in the claims for refund also precludes ap-

pellant from claiming a deduction for trustee's fees or commissions in computing the net income.

We do not pass upon the other questions raised by appellant. We are not to be understood, however, as agreeing with the construction of the statute under which the effect of the creation of the trust was to relieve both the settlors and the trustee from the payment of any tax on this dividend. It is not necessary to determine what the government might have done with respect to taxing the settlors, if the trustee had not represented that it was liable for the tax on the dividend.

The judgments of the District Court should be, and they are, affirmed.