**NEWMAN et al. v. BOWERS.**

District Court, S. D. New York.
April 23, 1937.

Riegeiman, Hess & Hirsch, of New York City (Joseph L. Weiner, of New York City, of counsel), for plaintiffs.

Lamar Hardy, U. S. Atty., of New York City (Malcolm A. Crusius, Asst. U. S. Atty., of New York City, of counsel), for defendant.

CLANCY, District Judge.

Plaintiffs bring this suit to recover, with interest, the sum of $60,237.01, being the amount paid by the plaintiffs' testator as income taxes for the year 1923.

Abraham L. Newman, plaintiffs' testator, had a three-eighths interest in the partnership of I. Newman & Sons, which was organized about the year 1874, and which was engaged in the business of manufacturing and selling ladies' corsets. The other partners were Abraham's brother, Jacob Newman, and the latter's son, Samuel Newman. Samuel Newman died on July 14, 1923, and it was determined by the surviving partners to sell the business. On September 27, 1923, an agreement was entered into for the sale of the assets of the partnership, except cash and certain securities, as of July 31, 1923. A value of $150,000 was assigned to cover good will, certain patents and trade-marks, and any possible appreciation in the value of the fixed assets. None of these items had ever been carried on the partnership books. The purchase price was $1,200,-795.81, of which $1,000,795.81 was payable in cash and $200,000 in nonvoting preferred stock of I. Newman & Sons, Inc., a corporation formed by the purchaser.

In his individual income tax return for the calendar year 1923 plaintiffs' testator reported a loss of $129,504.73. The Internal Revenue Bureau refused to allow this deduction and claimed on the contrary that the taxpayer's reported income should be increased by the sum of $108,270.34, representing the taxpayer's distributive share of the net income which it asserted was earned by the partnership for the period from December 1, 1922, to July 14, 1923, the date of Samuel Newman's death. The partnership reported on the basis of a fiscal year ending November 30. On April 13, 1929, the Commissioner assessed a deficiency against the plaintiff's testator in the sum of $60,237.01. Payment was made and on August 27, 1929, plaintiffs' testator filed a claim for refund of this amount which was rejected. The facts asserted in this claim as a basis for a refund were that the consideration received on the sale of the partnership business was the book value of the tangible assets plus $150,000 specifically paid for good will, which, over a period of years prior to 1913, cost $641,351.29; that the value of the good will on March 1, 1913, as fixed by the revenue agent who audited the 1923 income tax return, was $581,-179.67 and that the partnership thereby sustained a loss measured by the difference between the March 1, 1913, value of the good will and its sales price, i. e., $431,179.67. The claimant alleged that by reason of his 37½ per cent. interest in the partnership, he sustained a deductible loss amounting to $161,692.38. Substantially, the same facts are alleged in the complaint in this action with the further allegation that the deficiency was assessed

solely upon the disallowance of the said loss as a deduction from income.

■ The government takes the position that when the sale of the partnership assets including good will was considered in its entirety, the selling price was in excess of the cost and less than the March 1, 1913 value and that accordingly the taxpayer derived no gain and sustained no loss as a result of the sale. Section 202 of the Revenue Act of 1921 (42 Stat. 229) provides that in ascertaining the loss sustained from the sale of property acquired before March 1, 1913, if its fair market price or value as of March 1, 1913, is lower than its cost, the deductible loss is · the excess of the fair market price or value as of March 1, 1913, over the amount realized therefor, so that if this latter amount is in excess of cost, but not more than the fair market price or value as of March 1, 1913, no loss may be deducted. Therefore, under the 1921 act an actual loss, to be ascertained from a consideration of the original cost and the selling price, must be sustained before a deduction will be allowed and the provision in reference to the March 1, 1913 market value is merely a limitation upon the amount of the actual loss that would otherwise have been deductible. United States v. Flannery, 268 U.S. 98, 45 S.Ct. 420, 69 L.Ed. 865. It follows from this that to recover the plaintiffs must prove the original cost of the good will. They admit that they are unable to do this, but contend that the court should accept the March 1, 1913, value of the good will, fixed by the internal revenue agent, as a prima facie showing of cost and that the government should bear the burden of proving that the good will was acquired for less than its March 1, 1913, value. But the burden of proof to establish a deductible loss and the amount of it clearly rests upon the plaintiffs, United States v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed 347; Wickwire v. Reinecke, 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184; Reinecke v. Spalding, 280 U.S. 227, 50 S. Ct. 96, 74 L.Ed. 385; Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212, and the presumption that the March 1, 1913, market value of the good will was its minimum cost cannot be indulged. Burnet v. Houston, 283 U.S. 223, 51 S.Ct. 413, 75 L.Ed. 991.

■■ On the trial counsel for the plaintiffs attempted to inject a new issue into the case. They argued that, even if the loss alleged to have been sustained as a result of the sale, be not allowed, plaintiffs are entitled to a partial recovery of the tax assessed· against their testator on his distributive share of the profits which the Internal Revenue Bureau claimed the partnership had earned from November 30, 1922, to July 14, 1923. It will be unnecessary to consider the merits of this question, since there is no foundation for such a claim in the facts set forth in the claim for refund or in the pleadings before the court. Section 1318 of the Revenue Act of 1921 (42 Stat. 314) provides that no suit shall be maintained for the recovery of any internal revenue tax alleged to have been illegally collected until a claim for refund has been duly filed with the Commissioner of Internal Revenue according to the provisions of law in that regard and the regulations of the Secretary of the Treasury. See United States v. Felt & Tarrant Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025. Amended Treasury Regulations, applicable to all claims filed on or after May 1, 1929, requires that a claim for refund must set forth in detail each ground upon which a refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. It is well settled that a taxpayer who brings suit after a refund has been denied can rely for recovery only on grounds presented to the Commissioner in his claim for refund. Freeport Texas Co. v. Bowers (C.C.A.) 77 F.(2d) 288; Dascomb v. McCuen (C.C.A.)· 73 F.(2d) 417; Continental-Illinois Nat. Bank & Trust Co. v. United States (C.C.A.) 67 F.(2d) 153; Weagant v. Bowers (C.C.A.) 57 F.(2d) 679.

Judgment for the defendant.