## RENFREW MFG. CO. v. UNITED STATES.

### No. 4415.

District Court, D. Massachusetts.

Oct. 30, 1931.

Blodgett, Jones, Burnham & Bingham, of Boston, Mass., for plaintiff.

J. Duke Smith, Sp. Asst. to U. S. Atty., and Frederick H. Tarr, U. S. Atty., both of Boston, Mass., for the United States.

BREWSTER, District Judge.

Suit against the United States to recover income taxes for the years 1913 to 1916, both inclusive. Defendant has demurred to the petition assigning as grounds that the petitioner has not complied with Rev. St. 3226, as amended by the several revenue acts (26

USCA § 156), and has not seasonably commenced the action.

It is alleged in the petition that in 1921 the Commissioner of Internal Revenue, after an investigation respecting the excess profits tax due from petitioner for the year 1917, saw fit to reduce the amount of its invested capital. This action was based on the discovery that the petitioner had not made adequate deductions for depreciation in its tax returns for 1913, 1914, 1915, and 1916. Under section 281 (c) of the Revenue Act of 1924 (26 USCA § 1065 note), the petitioner thereby became entitled to a credit or refund of any overpayment of income, war profits or excess profits taxes for these years resulting from the inadequate deductions for depreciation for the previous years. It is not alleged that the petitioner filed a claim for a refund of any overpayment of taxes, but only that demand was duly made therefor upon the United States through its Department of Internal Revenue, which demand was refused. The Revenue Act of 1924 was in force when the Commissioner decreased the invested capital, due to inadequate deduction for depreciation. That act provided in section 281 (b) and (c) as follows:

"(b) Except as provided in subdivisions (c) and (e) of this section, (1) no such credit or refund shall be allowed or made after four years from the time the tax was paid, unless before the expiration of such four years a claim therefor is filed by the taxpayer, nor (2) shall the amount of the credit or refund exceed the portion of the tax paid during the four years immediately preceding the filing of the claim or, if no claim was filed, then during the four years immediately preceding the allowance of the credit or refund.

"(c) If the invested capital of a taxpayer is decreased by the Commissioner, and such decrease is due to the fact that the taxpayer failed to take adequate deductions in previous years, with the result that there has been an overpayment of income, war-profits, or excess-profits taxes in any previous year or years, then the amount of such overpayment shall be credited or refunded, without the filing of a claim therefor, notwithstanding the period of limitation provided for in subdivision (b) has expired."

Congress also at the same time amended Rev. St. § 3228, by enacting section 1012 (26 USCA § 157), which reads in part as follows: "Sec. 3228. (a) All claims for the refunding or crediting of any internal-revenue tax alleged to have been erroneously or ille-

406

gally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected must, except as provided in section 281 of the Revenue Act of 1924, be presented to the Commissioner of Internal Revenue within four years next after the payment of such tax, penalty, or sum."

The intent is apparent to except from the provisions of the statutes limiting the time within which a taxpayer must file a claim for refund, claims for any overpayment of taxes due to increased allowance for depreciation with respect to previous years, and to authorize the Commissioner to credit or refund such excess without the necessity of any such claim being filed. In other words, the right of the taxpayer to such refund or credit did not at all depend upon whether a claim had been filed therefor. The act of 1924 expressly avoids any conflict between sections 1012 and 281.

But the petitioner contends that there is an irreconcilable conflict between section 281 (26 USCA § 1065) and section 1014 (a) of the act of 1924 (re-enacted without change in the Revenue Act of 1926 [26 USCA § 156]), which amended Rev. St. 3226 to read as follows:

"Sec. 1014. (a) Section 3226 of the Revised Statutes, as amended, is amended to read as follows:

" 'Sec. 3226. No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof; but such suit or proceeding may be maintained, whether or not such tax, penalty, or sum has been paid under protest or duress. No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax, penalty, or sum, unless such suit or proceeding is begun within two years after the dis-

allowance of the part of such claim to which such suit or proceeding relates. The Commissioner shall within 90 days after any such disallowance notify the taxpayer thereof by mail.' "

It is to be noted that section 1014 (a) does not except from its provisions suits to recover taxes overpaid as a result of additional deductions made pursuant to section 281 (c).

The right to recover from the United States may differ materially from the right to maintain in the courts a suit to enforce such recovery. The distinction is important. The United States as a sovereign power cannot be sued except with its consent, and, unless its case comes clearly within the terms of the statute by which such consent is given, the taxpayer is without remedy. United States v. Michel, 282 U. S. 656, 51 S. Ct. 284, 75 L. Ed. 598; United States v. Felt & Tarrant Mfg. Co., 283 U. S. 269, 51 S. Ct. 376, 75 L. Ed. 1025.

It is equally well settled that the suit cannot be maintained by a taxpayer if he has failed to file a claim for refund, unless that prerequisite is waived. Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253; United States v. Felt & Tarrant Mfg. Co., supra.

I am unable to discover any conflict between section 281 (c) and Rev. St. 3226 as amended prior to the bringing of this proceeding. A diligent taxpayer is not left without a remedy. He has full opportunity to take all steps necessary to literally comply with the statute. There is nothing in the act of 1924, or subsequent revenue acts, which forbids the filing of a claim for refund, if the credit or refund to which he is entitled by virtue of section 281 (c) is denied to him. He can file it notwithstanding other provisions of law limiting the time for the filing of such claims. After six months from date of filing, or sooner, if the claim is disallowed, he may institute his proceedings at any time within two years after such disallowance. Whether that procedure is still open to petitioner after the lapse of over six years since its rights accrued, is a question not now raised. I have before me only the question whether a petition is demurrable which fails to allege compliance with the provisions of the statute giving a taxpayer the right to sue the United States. I rule that it is, and sustain the demurrer.