**FOSTER BOX BOARD CO. v. CLARKE, Collector of Internal Revenue.**

**SAME v. BREWSTER, Collector of Internal Revenue.**

**Nos. 1354, 1355.**

District Court, N. D. New York.
April 4, 1934.

Knowlton Durham, of New York City (A. De Witt Sumner, of New York City, of counsel), for plaintiff.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y. (Henry R. Follett, Asst. U. S. Atty., of Syracuse, N. Y., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Henry C. Clark and Herbert S. Fessenden, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., of counsel), for defendants.

BRYANT, District Judge.

The above actions are for recovery of sums paid under income tax assessments for the years, 1917, 1918, 1919, and 1920. During the period Clarke succeeded Brewster as collector. Some of the sums in dispute were paid to each collector; the reason for the two suits. A jury was waived, and the two actions were ordered for trial together.

Defendant, in each case, questions the timeliness and sufficiency of the claims for refund filed by plaintiff, and further urges that the grounds of recovery set forth by the complaints are not based upon good and sufficient claims for refund. The documentary proof was taken and the case was adjourned to allow counsel to submit briefs and the court to determine whether or not plaintiff has a right of action in either case. This course was taken that the questions raised might be disposed of before the taking of oral testimony.

At the time of trial, I granted an order to strike from each complaint all allegations based upon claims of refund filed in 1931, so that is not under consideration now.

Section 3226 of the Revised Statutes, as amended (U. S. C., title 26, § 156 [26 USCA § 156]), provides that no suit for the recovery of taxes erroneously assessed or collected shall be maintained "until a claim for refund or credit has been duly filed," and that no such suit shall be begun "after the expiration of five years from the date of the payment of such tax * * * unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates." Literal compliance with these statutory requirements must be shown.

In the 1917 tax account, an additional assessment of $2,001.48 was made about April, 1923. This was the last assessment made. $1,833.10 was abated about August, 1925, and the balance of the assessment, $168.38, was at that time settled by credit from an overpayment of the year 1918. This $168.38 was thereafter, and in or about October, 1928, refunded to the plaintiff.

In January, 1924, plaintiff filed a claim for refund based upon an application for special assessment under section 210 of the 1917 Revenue Act (40 Stat. 307). That claim, being based on special assessment, cannot be made the subject of a suit for refund, and, furthermore, it was denied in or about the month of August, 1925. In June, 1927, plaintiff filed a claim for refund. This cannot be considered an amendment to the refund claim of June, 1924, because the prior one had already been rejected. The 1927 claim for refund was filed too late to affect any of the payments made by plaintiff on account of its 1917 tax, with the exception of $168.38, and that amount has been refunded to plaintiff.

Defendant, in each case, is entitled to a dismissal of the complaint in so far as it relates to the assessment and collection of the 1917 tax, because plaintiff did not file a claim for refund within the required period after payment and did not begin the action within the period specified by statute.

Defendant is entitled to a dismissal of the complaint in so far as it relates to assessment and collection of taxes for the years 1918 and, 1919, upon the same grounds as stated above. I do not believe it necessary to detail the dates of payments and the filing of claims for refund.

The situation for the year 1920, as presented by the facts, is very closely parallel to the situations presented for the prior years. In April, 1923, an additional assessment of $7,281.09 for the year 1920 was made. This was the last assessment. A portion of this was paid in 1923 by cash and credits. A portion was abated in 1925, and in August of 1925, $122.88 was paid by plaintiff and $1,610.02 was paid by being credited against an overpayment of 1918. Claims for refund were filed in November, 1925, December, 1925, and March, 1926. These claims were respectively rejected in November, 1926, March, 1926, and April, 1926. It will be noted that these claims for refund were all rejected more than two years prior to the commencement of the suit. In June, 1927, another claim for refund was filed. This cannot be considered an amendment of any of the prior claims because they had all been denied. This

684

claim was filed more than four years after the settlement of the assessments for 1920; except the two items credited and paid in 1925, viz., $1,610.02 and $122.88.

The defendant is entitled to a dismissal of the allegations of the complaint in so far as they relate to the assessment and collection of the tax account for 1920, upon the ground that the claims for refund were not filed and the action was not begun within the periods stated by statute, except in so far as the complaint relates to the payment of $122.88 and the credit of $1,610.02, made in 1925.

In 1925, $1,610.02 of the amount claimed to be due to the United States by plaintiff for 1920 taxes was credited against an overpayment of taxes for the year 1918. Plaintiff is now seeking to recover the amount of this credit from one of the defendant collectors. The credit of the amount due in 1920 against the overpayment from the year 1918 was a bookkeeping entry, and any right of action which the plaintiff might have had, or may have, pertaining thereto, is based upon the certificate of overassessment and must be prosecuted, if at all, against the United States. A collector cannot be sued for the mere making of a credit under the direction of the Commissioner of Internal Revenue. Routzahn v. Reeves Bros. Co. (C. C. A.) 59 F.(2d) 915. The allegations of the complaint relating to the $1,610.02 item must be dismissed.

Defendant questions the sufficiency of the claims for refund filed in 1927. Under the holdings I have made only one need be considered; the one relating to the 1920 tax, and that only in so far as it relates to the item of $122.88. The claim is vague and indefinite. However, I hold it sufficient. It was accepted, held, and passed upon by defendant. Its sufficiency was not questioned and it was rejected on the merits. It performed its purpose, and the form and sufficiency is now unimportant.

I cannot agree with the contention of the plaintiff that the provisions of the second proviso of section 252 of the Revenue Act of 1921 (42 Stat. 268): section 281 (c), Revenue Act 1924 (26 USCA § 1065 note) and section 284 (c), Revenue Act 1926 (26 USCA § 1065 (c), lift all of the limitations of the statutes and make them inapplicable to this case. Whatever changes were made by the Commissioner in depreciation reserves and invested capital for the years in suit were carried into effect by the issuance of certificates of overassessments. The Commissioner carried to a conclusion the results of the audit which he had made. The case seems to fall directly within the limitations announced in A. Schrader's Son, Inc. v. United States (C. C. A.) 51 F.(2d) 1038. Possibly plaintiff, if the case is an appropriate one, can seek an administrative refund, but the sections relied upon by the plaintiff do not permit the filing of a suit in court to compel a refund in the absence of the filing of a timely and proper claim for refund. Renfrew Mfg. Co. v. United States (D. C.) 53 F.(2d) 404.

Defendant Brewster may have an order dismissing the complaint, and defendant Clarke an order dismissing all claims except the item for $122.88 paid in 1925.