## UNITED STATES *v.* FELT & TARRANT MANUFACTURING COMPANY.

No. 116. Argued March 3, 1931.—Decided April 13, 1931.

*Assistant Attorney General Rugg,* with whom *Solicitor General Thacher* and *Messrs. Claude R. Branch,* Special Assistant to the Attorney General, *Bradley B. Gilman,* and *Ralph C. Williamson* were on the brief, for the United States.

*Mr. Thomas G. Haight,* with whom *Messrs. Robert H. Montgomery* and *J. Marvin Haynes* were on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

This Court granted certiorari, 281 U. S. 719, to review a judgment of the Court of Claims, allowing recovery by respondent of income and excess profits taxes alleged to have been illegally exacted for the year 1917. 69 Ct. Cls. 204; 37 F. (2d) 977. It is conceded that respondent was entitled to a deduction from gross income for that year on account of exhaustion or obsolescence of patents, under § 203 of the Revenue Act of March 3, 1917, 39 Stat. 1001; §§ 4 and 206 of the Act of October 3, 1917, 40 Stat. 302, 305; § 12 (a) of the Act of 1916, 39 Stat. 767, which, if allowed, would result in the refund demanded.

The sole objection to recovery urged by the Government is that the claim for refund filed by petitioner as a prerequisite to suit did not comply with § 1318 of the Revenue Act of 1921, 42 Stat. 314, and Article 1036 of Treasury Regulations 62, under that Act.

Section 1318 provides that "no suit . . . shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been . . . illegally . . . collected . . . until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury. . . ." Article 1036, Treasury Regulations 62, provides that claim for refund shall be made on Form 843 and that " all

the facts relied upon in support of the claim should be clearly set forth under oath."

Respondent filed an application under oath for reduction of its 1917 tax liability and for a corresponding return of taxes paid, on Form 843, which it designated a claim "for refund of taxes illegally collected." But the sole ground stated for the demanded reduction of tax was that respondent had filed with the Commissioner an application for special relief from the amount of its excess profits tax under § 210 of the Act of 1917, 40 Stat. 307.[1]

That section provides for a special method of assessment of excess profits taxes in any case where the Secretary of the Treasury is unable satisfactorily to determine the invested capital of the taxpayer. It has no relation to deductions from gross income on account of exhaustion or obsolescence of patents. In support of its claim, which was ultimately allowed in part, respondent prepared and filed a brief, and an oral argument was held in the office of the Commissioner; but neither in its claim for refund, its brief, nor at the hearing, was mention made of the deduction now claimed.

---

[1] The material part of the claim for refund is as follows:

" The taxpayer has filed with the commissioner a claim for special relief under section 210 of the 1917 revenue act for the excess profits tax assessed for this period.

" This claim is filed to protect all possible legal rights of the taxpayer, pending, and at the rate of, the settlement of the claim for relief. Computation has been made as follows:

| | |
|---|---|
| Total profits taxes paid | $227,789.38 |
| Less: Decrease in income taxes on account of profits taxes credit | 13,667.37 |
| Refund claimed | $214,122.01 |

" The taxpayer requests an oral hearing and the right of appeal in the event of an adverse decision on the part of the unit and before any formal rejection of the claim is made."

The filing of a claim or demand as a prerequisite to a suit to recover taxes paid is a familiar provision of the revenue laws, compliance with which may be insisted upon by the defendant, whether the collector or the United States. *Tucker* v. *Alexander,* 275 U. S. 228; *Maryland Casualty Co.* v. *United States,* 251 U. S. 342, 353, 354; *Kings County Savings Institution* v. *Blair,* 116 U. S. 200; *Nichols* v. *United States,* 7 Wall. 122, 130.

One object of such requirements is to advise the appropriate officials of the demands or claims intended to be asserted, so as to insure an orderly administration of the revenue, *Nichols* v. *United States, supra,* p. 130, a purpose not accomplished with respect to the present demand by the bare declaration in respondent's claim that it was filed "to protect all possible legal rights of the taxpayer." The claim for refund, which § 1318 makes prerequisite to suit, obviously relates to the claim which may be asserted by the suit. Hence, quite apart from the provisions of the Regulation, the statute is not satisfied by the filing of a paper which gives no notice of the amount or nature of the claim for which the suit is brought, and refers to no facts upon which it may be founded.

The Court of Claims, in allowing recovery, relied upon *Tucker* v. *Alexander, supra,* and upon the fact that, at the time when respondent filed its return and its claim for refund, the Treasury had consistently refused to allow deductions from gross income for exhaustion of patents. Consequently it held that the filing of a demand which was certain to be refused was a futile and unnecessary act. But in *Tucker* v. *Alexander* the right of the Government to insist upon compliance with the statutory requirement was emphasized. Only because that right was recognized was it necessary to decide whether it could be waived. The Court held that it could, and that in that case it had been waived by the stipulation of the collector

filed in court. Here there was no compliance with the statute nor was there a waiver of its condition, since the Commissioner had no knowledge of the claim and took no action with respect to it.

The necessity for filing a claim such as the statute requires is not dispensed with because the claim may be rejected. It is the rejection which makes the suit necessary. An anticipated rejection of the claim, which the statute contemplates, is not a ground for suspending its operation. Even though formal, the condition upon which the consent to suit is given is defined by the words of the statute, and " they mark the conditions of the claimant's right." *Rock Island R. R.* v. *United States,* 254 U. S. 141, 143. Compliance may be dispensed with by waiver, as an administrative act, *Tucker* v. *Alexander, supra;* but it is not within the judicial province to read out of the statute the requirement of its words. *Rand* v. *United States,* 249 U. S. 503, 510.

*Reversed.*