## NEW YORK TRUST CO. v. UNITED STATES.

District Court, S. D. New York.
May 6, 1936.

---

[1] Oral opinion.

Putney, Twombly & Hall, of New York City, for petitioner.

Lamar Hardy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for the United States.

PATTERSON, District Judge.

The suit is brought under the Tucker Act, 28 U.S.C.A. § 41 (20). The respondent has made a motion to dismiss the petition for want of jurisdiction and for insufficiency to set forth a cause of action.

The petition is in two counts; each of them being to recover the sum of $44,433.-09 alleged to have been overpaid by the petitioner's decedent, one Leslie, as income tax for the year 1917. The first count alleges that the overpayment was due to the fact that a deductible item, being the decedent's proportion of excess profits tax paid by a firm of which he was a partner, was not deducted from his gross income for 1917. The petition shows that part of the tax was paid in 1918 and part in 1921, that claim for refund was filed on October 11, 1921, and that "prior to any rejection or disallowance of said claim, the same was properly amended by the petitioner through documents filed with the Collector of Internal Revenue at New York City, as required by law, May 23, 1933 and June 9, 1933"; the amendments making the claim that the excess profits tax should have been deducted. This suit was commenced more than six months, and within two years, after the amendments.

The respondent has handed up a copy of the original claim for refund of October 11, 1921, and the petitioner concedes that this is the claim referred to in the petition. In this claim the taxpayer asserted that he was entitled to a refund of $136.86 for 1917, due to his wife's income being erroneously included in calculation of surtax, and due also to depreciation not taken on original return.

The respondent's argument is that on the facts pleaded and the facts admitted by the petitioner no proper claim for refund was filed. There is no escape from the force of the argument. By section 3226 of the Revised Statutes as amended (26 U.S.C.A. §§ 1672–1673), no suit to recover an internal revenue tax may be brought unless a claim for refund in conformity to law and regulations has been filed with the commissioner. The claim for refund which is thus a condition precedent to suit must be filed within the time fixed by law for filing such claims and must set forth the same grounds as the later suit. United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025; Weagant v. Bowers, 57 F.(2d) 679 (C.C. A.2).

The 1921 claim for refund was filed in good season, but it did not mention the matters complained of in the suit. In it the taxpayer said that he had overpaid his tax by $136.86 because of inclusion of his wife's income and because of failure to deduct depreciation, matters remote from a later suit to recover $44,433.09 because of failure to deduct excess profits tax. The early claim for refund was not a fulfillment of the condition precedent.

The claim for refund filed in 1933 alleged the same matters as ground to recover the tax as those comprehended in this suit, but it was filed years too late. The petitioner recognized that as an inde-

pendent claim for refund it had no efficacy; what was needed from the taxpayer's viewpoint was the time of filing furnished by the first claim, plus the substance furnished by the second. So the second claim was styled an "amendment" of the first. Since United States v. Henry Prentiss & Co., 288 U.S. 73, 53 S.Ct. 283, 77 L.Ed. 626, it has been settled that a claim for refund based on certain matters set forth in it may not be amended by the substitution of entirely different matters after the expiration of the time limited by statute for filing claims for refund. There is a line of cases in the lower courts to the same effect. Bryant Paper Co. v. Holden, 63 F.(2d) 370 (C.C.A.6), rehearing denied (C.C.A.) 65 F.(2d) 1012; United States v. Richards, 79 F.(2d) 797 (C.C.A.6). It follows that the 1933 claim had no validity as an amended claim.

The petitioner's conception seems to be that a claim for refund may be amended without limit as to time or as to content, so long as the original claim has not been disallowed. This notion is without basis in law.

The second count, while phrased in mystifying terms touching the duties of the commissioner in assessing a proper tax, is, after all, only a suit to recover tax. It is no better than the first count. Like the first, it must be dismissed because of the taxpayer's failure to file a timely and appropriate claim for refund.

It is unnecessary to consider the other point made by the respondent, that the 1921 claim was allowed by the commissioner in 1922, and that there can be no amending of an allowed claim. The motion to dismiss the petition for lack of jurisdiction will be granted.