STEWART v. UNITED STATES.
No. 44732.

Court of Claims.
June 7, 1943.

228

Theodore B. Benson, of Washington, D. C. (Oscar P. Most, of Washington, D. C., on the brief), for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and MADDEN, WHITAKER, and LITTLE-TON, Judges.

WHALEY, Chief Justice.

This income tax case comes before the Court on defendant's plea in bar. It raises a single issue, the sufficiency of a claim for refund. In her petition plaintiff seeks recovery on the ground that she should be permitted to revalue certain assets involved in a sale in 1926 for the purpose of reducing the profit derived from such sale. The gravamen of the plea is that the claim for refund did not give the Commissioner notice of any such issue.

The facts upon which the plea is based are not in controversy, and are briefly stated as follows:

In 1926 plaintiff's decedent disposed of certain property for $3,200,000 which had been acquired by her more than two years prior thereto, and received a cash payment thereon of $500,000. She computed a profit on the sale and, in accordance with Section 212(d) of the Revenue Act of 1926, 26 U. S.C.A. Int.Rev.Acts, page 162, elected to report the profit on the installment basis, and continued to report in that manner until her death in 1931. After the decedent's death, plaintiff filed an income tax return for the decedent for the period January 1, to March 11, 1931, the date of decedent's death, and in that return did not report any income on account of the installment obligations remaining unpaid at that time. Upon an examination of that return, the Commissioner held that the outstanding installment obligations must be considered as having matured at the decedent's death pursuant to the provisions of Section 44(d) of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 364, and that, accordingly, any profit on the sale in 1926 which had not previously been accounted for through the installment basis accrued at that time for income tax purposes. As a result of such determination, the Commissioner assessed a deficiency which plaintiff paid May 18, 1935.

March 16, 1937, plaintiff filed the claim for refund which she contends is sufficient as a basis for this suit. It contains five grounds, namely, (1) that Section 44(d) of the Revenue Act of 1928 is unconstitutional; (2) that since the installment obligations were unpaid at the date of the death of the decedent, no taxable income was received or realized by anyone; (3) that the "installment obligations constituted capital;" (4) that it was improper to give a retroactive effect to Section 44(d) and make it applicable to a transaction which occurred prior to its enactment; and (5) that in any event the Commissioner had incorrectly valued the installment obligations remaining unpaid at the time of decedent's death. The Commissioner denied the claim as to the first four grounds, but conceded plaintiff's contention as to the fifth ground, and made a refund accordingly.

Plaintiff concedes that items one, two and four which were denied do not provide a basis for this suit, and that item five was allowed by the Commissioner. Her sole contention is that the allegation under the third item in the claim, "installment obligations constituted capital," properly put the Commissioner on notice that she was claiming a revised cost or value of the assets involved in the 1926 sale. At no time do we find where plaintiff or her decedent questioned the Commissioner's determination of the cost or value of property which was sold. When the Commissioner examined the decedent's returns in 1930 for the years 1926 and 1928, and computed the total profit to be realized from the sale, he fixed a cost or value for this property, and when he came to determine the profit which had not yet been reported on the outstanding installment obligations, he did not disturb his previous determination as to the amount of profit realized on the sale in 1926. The record does not disclose any protest on account of this feature in either determination.

The Commissioner's regulations in force at the time required that "The claim must set forth in detail and under oath each ground upon which a refund is claimed, and facts sufficient to apprise the Commissioner of the exact basis thereof. [Regulations 86, Art. 322-3.]"

The Supreme Court, in passing upon the requirement that a claim for refund must be filed as a prerequisite to a suit, not only upheld a regulation similar to the one just quoted but also stated that "quite apart from the provisions of the Regulation, the statute is not satisfied by the filing of a paper which gives no notice of the amount or nature of the claim for which the suit is brought, and refers to no facts upon which it may be founded." United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 51 S.Ct. 376, 377, 75 L.Ed. 1025. Here we have merely the general statement "installment obligations constituted capital" without any allegation of facts upon which it is founded or anything which would suggest the nature of the claim as consistent with that now contended for by plaintiff.

■ The contention that the expression in question should receive the interpretation requested by plaintiff by reason of the attitude taken by plaintiff in an earlier protest not only is without merit but also serves to show the opposite. What plaintiff asked in the protest insofar as here material was that the Commissioner withhold his final determination until two cases which had been

decided by the Board of Tax Appeals became final through further judicial determinations. In neither of those cases was any question raised which related to the acquisition basis of the assets but rather whether Section 44(d) was constitutional and whether under that section installment obligations were transmitted at death. The Board held contrary to this plaintiff's position on both issues. One of these decisions became final without appeal and the other was affirmed on appeal. Provident Trust Company of Philadelphia v. Commissioner, 3 Cir., 76 F.2d 810.

Apparently what plaintiff meant by the words "installment obligations constituted capital" was that at the moment of decedent's death such obligations became corpus or capital assets subject to a Federal estate tax and therefore no taxable income could be realized from the collection of such obligations except the amount which exceeded their value at decedent's death. Cf. Moore v. United States, 10 F.Supp. 143, 80 Ct.Cl. 842, certiorari denied 296 U.S. 583, 56 S.Ct. 94, 80 L.Ed. 412. That, however, is very different from using the words as a basis of notice to the Commissioner that plaintiff desired to have redetermined the cost or value of assets which were sold in 1926.

The language of the present claim for refund is too general, indefinite, and unsupported by details to have put the Commissioner on notice that plaintiff desired the assets involved in the sale made in 1926 to be revalued. The profit from this sale had been determined by the Commissioner in 1930, during the life of plaintiff's decedent. No question was raised by the decedent during her life time or plaintiff that this determination was incorrect. After all these years have expired the plaintiff now for the first time seriously contends that the value should have been redetermined by the Commissioner under the general assertion in the refund claim which did not comply with the law or regulations in clearly indicating to the Commissioner that a revaluation of the 1926 assets was desired. It is too late now to make such a claim.

The plea is sustained and the petition is dismissed. It is so ordered.

MADDEN, WHITAKER, and LITTLETON, Judges, concur.

JONES, Judge, took no part in the decision of this case.