### FEINE v. McGOWAN, Collector of Internal Revenue.
### Civ. A. 1276.

United States District Court
W. D. New York.

Sept. 22, 1949.

Edward G. Kinkel, Buffalo, N. Y., for plaintiff.

Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe and Benjamin H. Pester, Special Assts. to Atty. Gen., George L. Grobe, U. S. Atty., R. Norman Kirchgraber, Asst. U. S. Atty., Buffalo, N. Y., for defendant.

KNIGHT, Chief Judge.

While many material facts are not the same as in Kinkel v. McGowan, D.C., 97 F. Supp. 43 there are many which are and which need not be repeated in detail. Both suits arise out of the relations of both plaintiffs with March Gold, Inc., incorporated in Delaware, U. S. A., and March Gold, Ltd., a Canadian corporation, and also with Marbuan Gold Mines, Ltd., successor in interest to March Gold, Ltd.

This suit is brought for a refund of $1,153.33, taxes, and $205.06 interest, a total of $1,358.39, paid to the defendant as Collector of Internal Revenue under protest March 15, 1938. Such taxes represented an assessment of an additional income tax. The plaintiff filed a claim for refund on May 26, 1939. The facts have been largely stipulated, and the chief concern is the applicable law. The questions presented are (1) did the plaintiff-taxpayer sell his March Gold, Inc., stock, and (2) was his March Gold, Inc., worthless in 1934.

In 1934, plaintiff owned 15,136 shares of stock of March Gold, Inc., and was a stockholder and director of that corporation as well as March Gold, Ltd., a Canadian corporation. March Gold, Inc., was a holding company for March Gold, Ltd. Upon the failure of the latter to make required payments on a mortgage to the Trust and Guarantee Company, Ltd., of Canada, foreclosure on March Gold, Ltd., property was instituted and concluded. One Edward G. Kinkel on behalf of holders of bonds of March Gold, Inc., purchased the property from the representatives of the Trust and Guarantee Company and a new corporation named Marbuan Gold Mines, Ltd., was formed to take over. The facts present an unusual situation. There is in evidence a paper dated April 10, 1934, signed by the plaintiff, by which he purports to "sell, assign and transfer unto Marbuan Gold Mines, Ltd." 15,136 shares of stock of March Gold, Inc., for $151.36. There is also in evidence another instrument dated April 10, 1934, signed by this plaintiff which purports to be a proxy to the Board of Directors to Marbuan Gold Mines, Ltd., among other things, "to do and perform any and all acts which a stockholder of March Gold, Inc., may do or perform; and hereby giving and granting unto said board of directors of Marbuan Gold Mines, Ltd., its duly authorized agent * * * full power and authority to do and perform all and every act * * * requisite and necessary to be done * * * as fully and to all intents and purposes as Undersigned (Feine) might * * *." This also recites that the plaintiff "has delivered, or will deliver, to the Marbuan Gold Mines, Ltd., his * * * certificate * * * of shares of stock of March Gold, Inc., for the purpose of establishing his (her) ownership in such shares of stock to entitle him (her) to receive such share purchase warrant, or otherwise, but does not sell, assign, transfer or part with his * * * title of said shares of stock of March Gold, Inc., to the said Marbuan Gold Mines, Ltd., or to anyone else."

The plaintiff asks the Court to find that he "sold and absolutely assigned all his right, title and interest" in this stock for $156.36.

In the plaintiff's brief it is said: "When the taxpayer sold and assigned his shares of March Gold stock to Marbuan Gold Mines, Ltd. in 1934, the expressed consideration was $156.36. This sum was never paid in cash to the taxpayer, so by assigning said shares and waiving his rights to Marbuan share purchase warrants /* * he waived a right to at least one cent a share or $156.36." This seems to be a new theory. This would not constitute a sale. It is to be further noted that the ground for the refund in the plaintiff's claim was the sale of this stock. The taxpayer's right to recover in a refund suit is limited to the grounds set out in the refund claim. United States v. Felt & Tarrant Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025; United States

v. Henry Prentiss & Co., 288 U.S. 73, 53 S.Ct. 283, 77 L.Ed. 626.

The facts in the case establish that the foregoing acts of the plaintiff amount to a gift. A gift of the stock to Marbuan was not deductible for loss. Mack v. Commissioner, 2 Cir., 129 F.2d 598.

The transaction does not come within the exception in Section 23 of the Revenue Act of 1934. C. 277, 48 Stat. 680, 26 U.S.C.A. § 23. It was not a "transaction entered into for profit * * *." It was not an ordinary business transaction. Evans v. Rothensies, 3 Cir., 114 F.2d 958.

Finding that this was a gift from plaintiff to Marbuan in 1934, there is no need that the Court decide the question of whether the stock had value in 1934, as is contended by the plaintiff.

Findings may be submitted to accord.