**Eugene J. BURRELL and Alice W. Burrell, Appellants,**

v.

**John L. FAHS, United States Collector of Internal Revenue for the District of Florida, Appellee.**

**No. 15807.**

United States Court of Appeals Fifth Circuit.

April 12, 1956.

Cyrus A. Neuman, Douglas D. Felix, Miami, Fla., for appellants.

George F. Lynch, Atty. Dept. of Justice, Washington, D. C., H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Chief, Appellate Section, Washington, D. C., Edith House, Asst. U. S. Atty., Jacksonville, Fla., Lee A. Jackson, A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellants, husband and wife, who will herein be called the taxpayers, owned and operated a citrus grove and the equipment required in the operation of it. The grove and equipment were sold on July 2, 1945, for $299,000. The sales price exceeded the adjusted cost basis by $129,551, as was shown by a partnership income tax return filed by the taxpayers. They reported this excess of sales price over cost in their Federal income tax returns as capital gain. The Commissioner of Internal Revenue made a determination that $94,006 of the sales price should be allocated to the value of green fruit and treated as ordinary income. Tax deficiencies resulting from this determination were assessed and paid, claims for refund were filed and rejected, and a suit was brought against the then Collector of Internal Revenue for refunds.

In the claims for refund the taxpayers recited the sale, the filing of the partnership and individual tax returns, and the reporting of the profit on the sale as capital gain. In the claims for refund each of the taxpayers then set forth the following:

"Thereafter the Commissioner of Internal Revenue approved the cost basis and sales price of said property, as reported by said partnership in its aforesaid information return, and by taxpayer in his individual return, but he erroneously determined that $94,006.05 of the aforesaid sales price of $299,000.00 represented profit realized from the sale of fruit on the trees in said grove or groves

and that the balance, or $204,993.95, represented the sale price of the aforementioned real and personal property. The Commissioner further determined that said sum of $94,006.05 was ordinary income and that there was a profit of $35,545.44 from the sale of the aforesaid real and personal property which was taxable as long-term capital gain.

"Taxpayer alleges that the property which was sold as aforesaid for the sum of $299,000.00 did not include property of a kind which would properly be includible in the inventory of the taxpayer or said partnership if on hand at the close of the taxable year, and that said sale did not include property held by the taxpayer or said partnership primarily for sale to customers in the ordinary course of taxpayer's trade or business or the trade or business of said partnership. Accordingly, taxpayer alleges that his entire gain from said sale was properly reportable as long-term capital gain."

The defendant Collector filed an answer and a motion for summary judgment. Affidavits were filed. The District Court entered a summary judgment for the Collector and gave its reasons therefor in a memorandum citing Watson v. Commissioner, 345 U.S. 544, 73 S.Ct. 848, 97 L.Ed. 1232; rehearing denied 345 U.S. 1003, 73 S.Ct. 1128, 97 L.Ed. 1408. In the Watson case the Supreme Court held unmatured citrus fruit on the trees at the time of the sale of a grove was property held primarily for sale to customers in the course of the taxpayers' trade or business within the meaning of the income tax statutes.

The question presented, as the District Court saw it, and the reasons found by it for its decision are set forth by the District Judge with brevity and clarity in the aforementioned memorandum. From it we quote:

"The basis of the taxpayers' claim for refund was that the property sold for said sum did not in-

clude property of a kind which would properly be includible in the inventory of the taxpayers if on hand at the close of the taxable year, and that the sale did not include property held by the taxpayers primarily for sale to customers in the ordinary course of the taxpayers' trade or business (producing and selling mature citrus fruit). The statement contained in the claim for refund closes: 'Accordingly, taxpayer alleges that his entire gain from said sale was properly reportable as long-term capital gain.' The Commissioner determined that $94,006.05 of the sale price of $299,000.00 represented profit realized from sale of fruit on the trees in the grove and that the balance, $204,993.95, represented the sale price of the grove. The Commissioner further determined that the said sum of $94,006.05 was ordinary income. Watson v. Commissioner, 345 U.S. 544, 73 S.Ct. 848, 97 L.Ed. 1232 determined this question adversely to the taxpayers.

"As I read the claims for refund attached to the complaint, and the complaint, this was the basis, and the sole basis of the taxpayers' contentions, and the defendant Collector is entitled to summary judgment.

"Now, however, the taxpayers' counsel urges that there are additional issues of fact raised, viz., the question of whether or not the Commissioner's finding that $94,006.05 was the sale price of the fruit—that is, whether there was a proper factual allocation within the sum of $299,000.00 of the sale price of the grove on the one hand, and the green fruit on the other hand—is correct. It is my conclusion, after careful study of the complaint and the claims for refund, that this position is simply an afterthought, a straw now clutched at by the taxpayers since their original position is rendered untenable by Watson v. Commissioner, supra. Neither the pleadings nor the claims for refund raise this issue. It follows that the defendant Collector's motion for summary judgment should be and is granted, and judgment now entered in favor of the defendant."

Before us the taxpayers contend that the claims for refund and the complaint raised the question as to the correctness of the amount allocated to the value of the green fruit as well as the question of whether a profit realized from the sale of growing citrus fruit was entitled to capital gains treatment; and that Watson v. Commissioner, supra, foreclosed only the last of these two questions. If the claim for refund was adequate to present the first of the questions, and if a claim predicated thereon was set forth in the complaint, there was an issue of fact raised and the granting of a summary judgment was error.

The statute requires:

"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." Internal Revenue Code of 1939, § 3772, 26 U.S.C. 1952 ed. § 3772.

The pertinent regulation provides:

"Claims by the taxpayer for the refunding of taxes, interest, penalties, and additions to tax erroneously or illegally collected shall be made on Form 843, * * * and should be filed with the collector of internal revenue. A separate claim shall be made for each taxable year or period.

"No refund or credit will be allowed after the expiration of the statutory period of limitation applic-

able to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed prior to the expiration of such period. The claim must set forth in detail and under oath each ground upon which a refund is claimed, and facts sufficient to apprise the Commissioner of the exact basis thereof. * * * A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund." Reg. 111, § 29.322–3.

The rule, and the reasons for it, have been stated in a quite recent opinion by this Court where it is said:

"The principal requirement of the statute, supra, and regulations supplementary thereto, is that the Commissioner be apprised by the timely filing of a claim of the exact basis upon which the claim for refund is predicated. United States v. Pierotti, 9 Cir., 154 F.2d 758. A taxpayer is not permitted to advance one ground for refund in his claim filed with the Commissioner and thereafter rely upon an entirely different ground in a subsequent suit for refund, but is confined to the scope of the grounds for refund asserted in his claim filed with the Commissioner. [Citing cases.]" Carmack v. Scofield, 5 Cir., 1953, 201 F.2d 360, 361. And see United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025.

■ The District Court, we conclude, overstressed portions of the claims for refund and overlooked other portions. Here we have a situation of a sale early in July of a citrus grove, and a Government contention that nearly one-third of the purchase price should be allocated to the unmatured fruit crop. The District Court, in its memorandum, points out the closing sentence of each of the claims for refund where it is said "Accordingly taxpayer alleges that his entire gain from said sale was properly reportable as long-term capital gain". Reciting that Watson v. Commissioner determined this question adversely to the taxpayers the District Court calls the question of valuation of the green fruit an afterthought. If the claims for refund omitted the first of the two paragraphs we have quoted we might agree. In the first of the quoted paragraphs the taxpayers say that the Commissioner "erroneously determined that $94,006.05 of the aforesaid sales price of $299,000.00 represented profit realized from the sale of 'fruit' on the trees in said grove or groves and that the balance, or $204,993.-95, represented the sale of the aforementioned real and personal property." So saying, the taxpayers challenge the Commissioner's determination of the value of the green fruit on the trees at the time of the sale. This was enough to apprise the Commissioner that the claim was asserted on the basis of the valuation of the crop as well as upon the ground, set forth in the other paragraph, that all of the profit realized should be taxed as a long-term capital gain. The complaint incorporated the claims for refund.

■ The Government contends that even though the claims for refund and the complaint do raise a fact issue as to the valuation of the green fruit, the taxpayers cannot prevail because, it is said, the taxpayers must, in addition to showing that the Commissioner's assessment was erroneous, establish the exact amount to which they are entitled. The statute and the regulation, herein quoted, impose no such burden. It is the basis of the claim that must be stated with exactitude. The claim asserts that the determination of the Commissioner was erroneous; wholly so, and not merely in part. Whether the fruit had any value which should, under Watson v. Commissioner, supra, be treated as ordinary income, and if so, whether that value be less than determined by the Commissioner are questions of fact to be established by proofs. The taxpayers should be given an opportunity to submit their proof. That they may do so, and for proceedings in conformity herewith, the judgment appealed from is

Reversed and remanded.