Littueton, Judge,
delivered the opinion of the court:
The plaintiff sues to recover from the defendant interest alleged to be due it on overpayments of income and excess profits taxes for 1941 and 1942 in the amount of $22,341.01. Defendant in its brief and on oral argument concedes that $10,223.38 of the amount sought is properly payable to plaintiff. We, therefore, will omit any reference to this portion of the claim.
The facts necessary to a determination respecting the validity of the claim for the remaining interest of $12,117.63 which relates only to 1941, are briefly as follows:
On June 7, 1944, the taxpayer filed claims for the refund of the full amount of excess profits taxes paid for 1941 and 1942 on the ground that it had an excess profits credit carry-back for the year 1943 in the amount of $709,149.71, which was more than sufficient to result in a refund of the entire 1941 and 1942 excess profits taxes paid. As a result of a *134 subsequent audit by the Internal Revenue Service of these and other years, it was found that the taxpayer had a similar carryback for the year 1942 also, in the amount of $78,833.55. The Commissioner of Internal Revenue, on the theory that this 1942 carryback should be applied to 1941 before the 1943 carryback could be applied, determined that the 1942 carry-back entitled the taxpayer to a refund or credit of $43,412.94 of the 1941 excess profits tax it had paid, and that the 1943 carryback entitled the taxpayer to a refund or credit of the balance of such 1941 excess profits tax paid. The Commissioner allowed no interest whatever on the $43,412.94 refund attributable to the 1942 carryback, on the ground that no claim for refund of that amount as required by section 3771 (e) of the 1939 Internal Revenue Code had been filed. The only issue now before the court is whether plaintiff is entitled to interest on this portion of the refund.
Section 3771 (e) in pertinent part provides as follows:
If the Commissioner determines that any part of an overpayment is attributable * * * to the inclusion in computing the unused excess profits credit adjustment for the taxable year of any part of the unused excess profits credit for a succeeding taxable year, no interest shall be allowed or paid with respect to such part of the overpayment for any period before the filing of a claim for credit or refund of such part of the overpayment or the filing of a petition with the Tax Court, whichever is earlier,; * * *
Section 710 (c) (1) provides:
The unused excess profits credit adjustment for any taxable year shall be the aggregate of the unused excess profits credit carry-overs and unused excess profits carry-backs to such taxable year.
Plaintiff argues that since its claim for refund based on the 1943 carryback alone was sufficient to refund all 1941 excess profits taxes paid notwithstanding the 1942 carryback, later determined and about which plaintiff did not know at the time, a valid claim for refund was made within the scope of section 3771 (e) and it is thus entitled to interest.
We feel the facts and law of the case sustain the plaintiff’s position and we so hold.
*135 The defendant, however, argues that before interest can be paid upon a refund or credit of a tax overpayment attributable to the carryback of an unused excess profits credit for a succeeding year it is necessary for the plaintiff to file a claim for refund grounded upon a request for that specific carryback, in this case the 1942 carryback upon which year plaintiff did not specifically ground its claim, notwithstanding that the plaintiff made claim specifically for the identical refund of excess profits tax for 1941 and based its claim on a carryback for another year (1943) which it proved at that time it had and which carryback was legally sufficient to refund all the tax paid for 1941. We do not think that defendant’s position is a correct interpretation of the statute as it is written. Nor has defendant pointed to any legislative history which would indicate that Congress intended or desired such a result. See section 710 (e) (1) which must be read along with section 3771 (e).
While there are apparently no cases which specifically construe section 3771 (e) in this respect, the parties have cited several cases which should be considered in reaching a decision. Those cases, however, deal generally with whether a valid claim for refund had been made pursuant to section 322 of the 1939 Internal Revenue Code, or whether certain of the Commissioner’s regulations promulgated under section 322 had been waived by him, rather than whether a valid claim for refund had been made pursuant to section 3771 (e) which would entitle the claimant to interest on a subsequent refund or credit. Especially noteworthy among these cases are those which deal with waiver by the Commissioner of his regulations. Those regulations relating to specific refunds under section 322 require each ground upon which a refund is claimed to be set forth in detail and, as well, require that the claim contain facts sufficient to apprise the Commissioner of the exact basis thereof, Regs. Ill, sec. 29.322-3. The claim here in question specifically stated the ground, i. e., a refund based on a carryback whether aggregate or not. The cases hold that where the Commissioner determines and applies newly discovered or different grounds in computing the actual tax liability for the year put in question by the claimant’s claim for refund, or, *136 to state it differently, if the Commissioner considered the claim on its merits notwithstanding its form, he waives his regulations as to specificity, is precluded from thereafter denying the refund because the claim was incompatible with his regulations, and must pay any additional amount reflected by his computations. Wilmington Gasoline Corporation v. Commissioner, 27 T. C. 500 (1956) ; Martin Weiner Corp. v. Commissioner, 26 T. C. 128 (1956). See also Angelus Milling Co. v. Commissioner, 325 U. S. 293 (1945), in which the Court denied, because of lack of proof, petitioner’s assertion that the Commissioner waived his regulations, but recognized that consideration of a claim for refund on its merits waives defects in form; United States v. Felt & Tarrant Manufacturing Co., 283 U. S. 269 (1931), in which the Court held that a defective claim for refund will not supply a basis for a suit against the Government when there has been neither waiver by the Commissioner nor proper amendment by the taxpayer; Tucker v. Alexander, 275 U. S. 228 (1927), involving waiver of Commissioner’s regulations by stipulation of the parties.
On the basis of these cases the Commissioner in the case before us must be conclusively deemed to have waived his regulation as to specification of the 1942 carryback as a ground for refund since he not only computed the overpayment for the year in question, 1941, by using the 1942 carryback, but actually made a credit of the amount that the application of that ground reflected. At any rate, this point is not in issue as the Government is not here contesting the overpayment or the refund but only the payment of interest on part of it. The Government in effect concedes that there was a claim sufficiently valid to make a refund under section 322 and the regulations promulgated thereunder, which govern the filing of claims for refund in general.
In the instant case we must interpret section 3771 (e), a statute regulating the payment of interest, and determine whether because of it plaintiff is deprived of interest to which, without the section, it would clearly be entitled. To do so we must look primarily to that section and not to cases construing section 322 or dealing with the waiver of regulations. If certain additional requirements or restrictions *137 are made by section 3771 (e) they cannot be waived, as the Commissioner does not have the authority to waive statutory impositions. Angelus Milling Co. v. Commissioner, supra at 296. There is, however, necessarily a close interrelation between section 322 and section 3771 (e). Section 3771 (e), inter alia, relates specifically to an unused excess profits credit carryback and says, substantially, that before interest can be paid on a refund or credit for overpayment based on a carryback, a claim for refund must first have been made therefor. No date is fixed by statute as to just when the claim must be filed, and since it was grounded on the carryback statutory provisions, we think the Commissioner eannoi say that it must be fixed after all carrybacks which might be used have been finally determined. Limitations might run in such a case. It necessarily follows, therefore, that to determine just what is meant by the claim for refund referred to in 3771 (e) we must look to that section of the code dealing specifically with claims for refund and the cases construing that section. By so doing, as noted above, there is no doubt that a valid claim for refund has been made and, unless section 3771 (e) has imposed other limitations, interest must be paid. As we construe the section, there are no such other limitations, at least insofar as would affect the right of plaintiff herein to the interest claimed. All the statute requires is that in order for the claimant to be entitled to interest on a refund based on an unused excess profits credit carryback a claim for refund according to section 322 must have been made therefor.
The claim for refund submitted by plaintiff complied with the above statutory requirements. It sought the refund of all taxes paid in 1941 based on an unused excess profits credit carryback. The subsequent audit for 1941 and several subsequent years proved that plaintiff was entitled to the refund or credit of all that was claimed. That is all the statute required for the payment of interest on the refund to be made. When plaintiff filed its claim for refund of the 1941 taxes based on a ground legally sufficient to refund the taxes claimed it perfected a right, given by statute, to interest. The statute does not say that if the Commissioner of Internal Bevenue found in the audit made as the result of the claim *138 for refund a fact that would further benefit the taxpayer that that fact should defeat plaintiff’s already perfected right to interest.
The action of plaintiff in claiming a refund for 1941 would necessarily causé the Government to examine all factors which would enter into the proper determination of the actual tax due or refundable for 1941. In so doing, the Commissioner found a carryback from 1942 to which benefits the plaintiff was also entitled. The plaintiff should not be penalized, and the statute does not say that it should be, merely because under the administration of the law the 1942 carryback should be applied against the 1941 taxes before applying a 1943 carryback. The pertinent section speaks only of the aggregate carrybacks. The application of the 1942 carryback did not change the amount of tax refundable in 1941 as would have been refundable without its application. It simply put the carrybacks into the required sequence by years, as required by law, before the claimed refund could be made. The substance of plaintiff’s claim was for the refund of all 1941 taxes paid on the basis of a carry-back from a subsequent year. The identical amount of money which plaintiff had claimed was legally refundable or creditable to it on the grounds stated in the claim for refund, and was actually subsequently credited to it. Plaintiff has, therefore, met the statutory requirements and is entitled to interest on the entire overpayment for 1941.
Judgment will be entered in favor of plaintiff for additional interest in the amount of $22,341.01.
It is so ordered.
Madden\ Judge, and Jones, Chief Judge, concur.