WEAR ME APPAREL CORPORATION, PLAINTIFF *v.* THE UNITED STATES OF AMERICA, THE UNITED STATES CUSTOMS SERVICE, ROBERT E. CHASEN, DENNIS SNYDER, BENJAMIN JEFFERSON, ROY DEWING, JOHN MARTUGE, DEFENDANTS

Court No. 80-11-00057

(Dated December 15, 1980)

*Rivkin Sherman & Levy*, Esqs. (*Joseph S. Kaplan, Charles H. Bayar*, and *Dennis A. Adelson*, Esqs., of counsel), for the plaintiff.

*Alice Daniel,* Assistant Attorney General (*Joseph I. Liebman,* Attorney in Charge, Field Office for Customs Litigation, and *Jerry P. Wiskin,* trial attorney), for the defendants.

NEWMAN, Judge: This is an application by plaintiff, an importer of children's wearing apparel, for a preliminary injunction pursuant to rule 65(a) of the rules of this court brought on by an order to show cause entered on November 25, 1980. Plaintiff predicates jurisdiction in this action on 28 U.S.C. 1581(i) (3) and (4).

The merchandise involved comprises: (1) short sets, which are two-piece children's top and bottom combinations; and (2) children's trunks. This merchandise (manufactured in Taiwan) is subject to a quantitative textile quota restriction and must be entered by plaintiff under a correct unfilled quota category.

The substantive issue is the correct classification of the merchandise for quota purposes. Plaintiff claims that the merchandise is classifiable as swimwear or other wearing apparel in quota category 359 or 659, depending upon the component material of chief value; and further, that the short sets are classifiable as entireties rather than as separate components. On the merits, plaintiff additionally seeks a ruling that if its merchandise is ultimately determined not to be classifiable in quota category 359 or 659, as claimed, the proper classification as determined by the court be applied prospectively, and not retroactively.

Some of the merchandise has been imported and entered for consumption; some has been imported, but refused entry for consumption; some has been imported and entered for warehouse; and the remainder of plaintiff's merchandise is in transit to the United States or is still in Taiwan. Customs has demanded the redelivery of merchandise heretofore released for consumption, and has informally advised plaintiff that none of the merchandise in Customs bonded warehouse may be withdrawn for consumption.

Plaintiff seeks an order enjoining defendants from rejecting the entry, or withdrawal from warehouse, for consumption of plaintiff's merchandise in textile quota category 359 or 659; and enjoining defendants from requiring redelivery to Customs custody (or assessing liquidated damages for the failure to redeliver) any merchandise heretofore entered or withdrawn from warehouse for consumption and released to plaintiff.

On the merits, the Government disputes that the merchandise in issue falls within quota category 359 or 659, but it has not specifically addressed the question of whether the short sets are entireties.

Upon submission of this application on November 24, 1980, oral argument was heard at a conference in Chambers on plaintiff's application for an order requiring defendants to show cause on November 26, 1980 why a preliminary injunction should not be granted. At this

conference, the Government orally moved to dismiss the action on the ground that the court lacks jurisdiction. After hearing the arguments of counsel, this court ordered defendants to respond on November 26, 1980 to plaintiff's application for a preliminary injunction and set this matter down for a hearing on November 28, 1980. In furtherance of its oral motion to dismiss at the November 24th conference, the Government filed a written cross-motion to dismiss and a supporting memorandum of law on November 26, 1980. Plaintiff's response to defendants' cross-motion has not yet been filed.[1] Subsequently, on November 28 and December 1, 1980, an evidentiary hearing was held respecting plaintiff's application.

At that hearing, plaintiff adduced the testimony of its chairman of the board, president, and four other witnesses, and submitted six exhibits. The Government called one witness, an import specialist, who is a team leader at the Port of Newark, N.J., and introduced two exhibits.

Inasmuch as the court desires to issue an expedited ruling on plaintiff's present application (as well as give precedence to other injunction applications in the motion part), the jurisdictional issue raised by defendants' cross-motion will not be specifically addressed at this juncture.

In addition to its opposition to plaintiff's application on jurisdictional grounds, defendants maintain that the application should be denied because of plaintiff's unjustified delay (laches) in seeking administrative review and plaintiff's failure to exhaust its administrative remedies in accordance with 28 U.S.C. 2637.

For the reasons indicated below, I am constrained to conclude that a preliminary injunction should not be granted under the circumstances in this case.

The salient facts as disclosed by the record, which warrant denial of plaintiff's application for injunctive relief, are:

(1) Plaintiff received notices to redeliver on March 31, 1980 and April 14, 1980, but filed no protest against such action.

(2) Plaintiff's merchandise was excluded from entry on August 22, 1980, but plaintiff filed no protest against such action.

(3) Plaintiff filed no protest until on or about November 19, 1980, against the exclusion of its merchandise from entry or delivery.

(4) Plaintiff has not availed itself of the accelerated methods of disposition of administrative claims provided by 19 U.S.C. 1515(b), 19 CFR 174.21(b) and 19 CFR 174.22.

---

[1] Under rule 7(g) a motion to dismiss an action is a dispositive motion, and consequently pursuant to rule 7(d) plaintiff has 30 days after s.rvice of such motion in which to respond. Defendant then has 10 days after service of the response to its motion to serve a reply.

Significantly, had plaintiff immediately filed a protest against the decision of August 22, 1980, excluding its merchandise from entry, plaintiff could have had, pursuant to 19 CFR. 174.21(b), an administrative review and a decision within 30 days from the date the protest was filed—long prior to the commencement of this action.

The bulk of the merchandise involved in this case was entered directly for warehouse; and, with certain exceptions, plaintiff has not attempted to withdraw such merchandise and enter it for consumption ostensibly because Customs has informally advised plaintiff that any attempted withdrawals would be rejected. Consequently, respecting the merchandise in bonded warehouse which plaintiff has not attempted to withdraw, there has been no formal administrative action taken by Customs, and accordingly there is no present cause of action relating to such merchandise. The foregoing observation also applies to plaintiff's merchandise still in production abroad, and that still in transit to the United States. *Cf. Sanho Collections, Ltd.* v. *Chasen, et al.*, 1 CIT 6, Slip Op. 80–2 (November 14, 1980), wherein the Government (CITA) had taken official action to reduce the import restraint level, which action was contestable by the plaintiff. Mere informal advice by Customs officials to plaintiff that the merchandise in warehouse would not be allowed withdrawal and entry for consumption under the existing visas (in category 359 or 659) is not administrative action which is protestable under 19 U.S.C. 1514, nor does such informal advice give rise to a cause of action over which this court may exercise jurisdiction pursuant to 28 U.S.C. 1581 (i) (3) and (4).

Concerning the merchandise which Customs has actually excluded from entry or which Customs has demanded be redelivered, plaintiff failed to exercise due diligence in pursuing its administrative remedies. See 28 U.S.C. 2637. I cannot fathom, and it is wholly inappropriate to speculate on, the reasons for plaintiff's inexplicable inaction and delay. While plaintiff, unfortunately, may have been lulled into the belief or hope that its quota classification dispute with Customs could be amicably resolved on an informal basis at the administrative level, plaintiff's contention that its informal efforts (including a request for internal advice) have exhausted its administrative remedies is patently without merit. More, the fact that plaintiff anticipated a formal rejection of its claimed classification by Customs is not a valid excuse for its lack of diligence in seeking administrative review. *United States* v. *Felt & Tarrant Co.*, 283 U.S. 269, 273 (1931).

The Court wishes to stress that its ruling herein should not be interpreted to mean that exhaustion of administrative remedies is invariably a condition precedent to granting preliminary injunctive relief. Nonetheless, the legislative history of 28 U.S.C. 2643(c)(1) is

clear that Congress was cognizant of the interrelationship between that provision and section 2637.[2] Importantly, Congress used the words where appropriate in section 2637(d).

Plaintiff's assertion that Customs demands for redelivery of merchandise were not protestable under 19 U.S.C. 1514 is incorrect. Although the Customs Courts Act of 1980 amended section 1514(a)(4) to expressly make a demand for redelivery a protestable decision, a demand for redelivery "is in reality no different than a decision to exclude merchandise from entry or delivery—a decision which the Customs Court may now [1979] review". See S. Rept. 96-466, 96th Cong., 1st sess. 7 (1979). Hence, demands for redelivery were protestable under 19 U.S.C. 1514(a)(4) prior to the 1980 amendment as decisions to exclude merchandise from entry or delivery.

The short of the matter is that from the facts and circumstances summarized above it is evident that the irreparable injury which plaintiff now claims it will suffer if denied preliminary injunctive relief was foreseeable as early as March 31, 1980, and in any event was readily apparent no later than August 22, 1980. The plaintiff, who has not acted diligently to pursue and exhaust its administrative remedies cannot, because of its financial predicament,[3] be permitted to benefit by its past inaction in pursuit of the present application. For plaintiff to prevail under the circumstances in this case would obviously make a mockery of section 2637. While this court is sympathetic to plaintiff's plight—particularly as vigorously asserted by its able and experienced counsel—regrettably the extraordinary relief here sought cannot be granted in the present application.

Government counsel has impressed upon the court in this and other similar matters that, when requested by an importer, the Customs Service will provide an expeditious review and determination of a protest. True it is, here plaintiff has never requested an accelerated administrative review. Nevertheless, should plaintiff at some point request an accelerated disposition of a protest, this court would anticipate that under the emergent circumstances established by the record, the Customs Service would do everything within its power to immediately review the protest and render a speedy decision.

For the reasons stated hereinabove, it is ordered that plaintiff's application for preliminary injunction be and hereby is denied.

---

[2] H.R. Rept. 96-1235, 96th Cong., 2d sess. at 41.

[3] At the evidentiary hearing held Nov. 28 and Dec. 1, 1980, plaintiff submitted extensive and unrebutted testimony through its chairman of the board and president concerning the dire financial consequences that would flow from a failure to obtain preliminary injunctive relief. Plaintiff's potentially precarious financial situation is also detailed in an affidavit by its president submitted in support of this application for preliminary injunction.