SEA PRODUCTS, INC., a Washington corporation, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. C83–66M.

United States District Court, W.D. Washington.

Nov. 30, 1983.

---

Martin Silver, Seattle, Wash., for plaintiff.

Christopher Pickrell, Asst. U.S. Atty., Seattle, Wash., Scott A. Milburn, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## ORDER GRANTING UNITED STATES' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

McGOVERN, Chief Judge.

Plaintiff brings this action to recover $9,744 it overpaid to the IRS because of a mistake made by its return preparer. In 1976, Plaintiff sold its fishing boat realizing a taxable gain of $104,861 of which $29,900 was "section 1245" ordinary income and $74,961 "section 1231" long-term capital gain. Plaintiff's return preparer filled out "Form 4626, Computation of Minimum Tax" and reported a minimum tax on tax preferences of $9,744. The preparer evidently calculated the items of tax preference on the basis of the entire capital gain less only the $10,000 exclusion.

Plaintiff alleges, and the Government does not dispute, that this was an incorrect computation of the tax. Internal Revenue Code (IRC) § 57(a)(9) and Treasury Regulations § 1.58–4(c)(2) require the computation of the above tax preferences to be carried out pursuant to a specific formula which the return preparer ignored in computing the tax. This formula, when applied to the capital gain Plaintiff realized in 1976, produced zero items of tax preference. No tax was owed.

On February 22, 1982, Plaintiff made a demand for refund pursuant to statute. On June 16, 1982, the IRS rejected the demand asserting that it was not filed within the three-year statute of limitations. Plaintiff alleges, however, that this action is based upon 28 U.S.C. §§ 1346(a)(2) and 2401(a) which allow a six-year statute of limitation for suits "upon any express or implied contract with the United States." Plaintiff apparently argues that its undenied ownership of the sum in question and the Government's lack of a claim or right to retain the sum give rise to an implied promise to repay the money. Thus, the demand for refund in the present suit is timely within the six-year limit of 28 U.S.C. § 2401(a).

The Government argues that IRC § 7422(a) precludes this action. This section states that "no suit ... shall be maintained ... for the recovery of any ... tax alleged to have been erroneously ... collected ... until a claim for refund or credit has been duly filed...." Since § 6511(a) requires a "duly filed" claim to be filed within three years, Plaintiff's claim is not timely and therefore this Court lacks subject-matter jurisdiction. *United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025 (1931); IRC § 7422.

Plaintiff rests its legal argument on *Shelter Island and Greenport Ferry Co. v. United States*, 246 F.Supp. 488 (E.D.N. Y.1965) in which the taxpayer continued to pay a tax which Congress had repealed. The court held that there was an implied contract running between the Government and the taxpayer to return the mistaken payments. Thus, since the court had jurisdiction under 28 U.S.C. § 1346(a)(2) (implied contract), the statute of limitations was six

years pursuant to 28 U.S.C. § 2401(a) rather than three years.

The decision in *Shelter Island,* however, is clearly an aberration and should be limited to its facts. In *Shelter Island,* the taxpayer paid a tax which did not exist. Here, the tax clearly exists but the taxpayer simply made a mechanical, mathematical error. This Court does not find *Shelter Island* persuasive and declines to follow it in the present situation.

In *West Publishing Company Employees Preferred Stock Association v. United States,* 198 Ct.Cl. 668 (1972) the court noted that the twin requirements of the claim for refund and the shortened limitations period are entrenched in Federal tax law and serve purposes that Congress deems important. They are designed to ensure an orderly administration of the revenue, to prevent surprise and give adequate notice to the IRS, to provide the commissioner an opportunity to correct any errors and if disagreement remains, to limit the scope of any ensuing litigation. *Id.* at 673–74. Mathematical overpayments, such as the one made here, are clearly the type of payments contemplated by Congress when it enacted the requirements of a demand for refund and a short statute of limitations. The equities of Plaintiff's case, even though very compelling, are simply outweighed by the congressionally and judicially mandated policy of protecting the orderly administration of the revenue. Therefore, Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion to Dismiss is GRANTED.