**FLAMINGO FISHING CORP.,
et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 90–578T.

United States Claims Court.

Sept. 26, 1991.

See also 22 Cl.Ct. 625.

Daniel D. Levenson, Boston, Mass., for plaintiffs. Richard B. Schafer, Lourie & Cutler, P.C., of counsel.

Robert J. Higgins, Washington, D.C., with whom was Asst. Atty. Gen., Shirley D. Peterson, for defendant.

1. Plaintiffs L & H Fishing Corp. and Pitriz Fishing Co., Inc., are not affected by this motion for

ORDER

NETTESHEIM, Judge.

This case is before the court on cross-motions for partial summary judgment. Plaintiff Flamingo Fishing Corporation ("plaintiff")[1] contends that the Internal Revenue Service (the "IRS") is estopped from imposing liability for employment taxes on plaintiff because plaintiff had no notice of the IRS' definition of the word "normally" as used in section 3121(b)(20) of the Internal Revenue Code, 26 U.S.C. ("I.R.C.") § 3121(b)(20) (1988). This provision exempts owners of fishing vessels from having to pay or withhold employment taxes for crewmen if the crew complement is "normally" fewer than 10. Defendant cross-moved on the basis that plaintiff's motion must be dismissed because plaintiff did not raise the notice issue in its refund claim to the IRS and that the doctrine of variance therefore prohibits plaintiff from raising the issue in a lawsuit seeking recovery on its refund claim. In addition, defendant argues that the statute is clear and that the IRS is entitled to the assessed taxes as a matter of law.

FACTS

The following facts are undisputed. Plaintiff is a corporation incorporated under the laws of the Commonwealth of Massachusetts. Plaintiff owned and operated the Edgartown II, a boat used to dredge for scallops, during the period January 1, 1985 through December 31, 1987. During this period the Edgartown II sailed with 9 or more crew members. The captain determined the number of crew each trip based on the expected catch.

At the end of each voyage, Marine Service Enterprises ("Marine Service") prepared a settlement sheet showing the gross proceeds from the sale of the voyage's catch, the expenses paid from those proceeds, and the division of net proceeds between the owner of the Edgartown II and the crew. Marine Service prepared the settlement sheets without reference to the crew size for prior periods and without

partial summary judgment.

calculating any average or mean crew size. After the settlement sheet was prepared, plaintiff paid its crew members. Plaintiff did not withhold Federal Insurance Contributions Act ("FICA") taxes or income taxes on the compensation paid to its crew members.

The settlement sheets indicated FICA taxes and income taxes were withheld from individuals other than crew members, for example, workers who unloaded scallops from the boat. Marine Service prepared plaintiff's quarterly federal employment taxes with knowledge that such taxes must be reported on a calendar quarter basis. The owner of Marine Service was not a certified public accountant and did not have formal training as a bookkeeper.

I.R.C. § 3121(b)(20) relates specifically to FICA taxes that are required to be paid by both employers and employees and provides:

'[E]mployment' means any service, of whatever nature, performed (A) by an employee for the person employing him ... except that such term shall not include—

(20) service ... performed by an individual on a boat engaged in catching fish or other forms of aquatic animal life under an arrangement with the owner or operator of such boat pursuant to which—

(A) such individual does not receive any cash remuneration (other than as provided in subparagraph (B)),

(B) such individual receives a share of the boat's ... catch of fish or other forms of aquatic animal life or a share of the proceeds from the sale of such catch, and

(C) the amount of such individual's share depends on the amount of the boat's ... catch of fish or other forms of aquatic animal life,

but only if the operating crew of such boat ... is *normally* made up of fewer than 10 individuals.

(Emphasis added.) I.R.C. §§ 3401(a)(17) and 3306(c)(18) provide that services described in section 3121(b)(20) are exempt from federal income tax withholding and Federal Unemployment Tax Act ("FUTA") taxes.

The IRS published a written determination, Priv.Ltr.Rul. 8,239,046 (June 29, 1982), and a memorandum, Gen.Couns.Mem. 39,-417 (June 1, 1981), interpreting I.R.C. § 3121(b)(20). Publishers Commerce Clearing House; Prentice–Hall; and computer research services, Lexis and Westlaw, published these documents prior to the tax periods at issue. Marine Service was not aware of these publishers or services during the tax periods at issue. Neither plaintiff nor Marine Service consulted legal or accounting professionals to determine the IRS' interpretation of I.R.C. § 3121(b)(20).

The IRS conducted an audit of plaintiff for tax years 1985–1987. The IRS determined that the Edgartown II's crew included individuals not listed as crew members on the settlement sheets. In a report of May 12, 1989, the IRS concluded that plaintiff had crew of "more than 9 Men" for 9 of the 12 quarters in those years.

The IRS assessed employment taxes and penalties against plaintiff for the quarters during which the IRS determined that the crew exceeded 9 individuals. The examination report of May 12, 1989 listed taxes and penalties amounting to $237,271.28. On February 19, 1990, the IRS assessed taxes and penalties against plaintiff for the quarter ending March 31, 1987. On April 9, 1990, plaintiff partially paid this assessment and filed a claim for refund.

The sole ground for relief stated in the claim for refund, with respect to I.R.C. § 3121(b)(20), was the following:

[I]t is the I.R.S.' position that the crew members of the Edgartown are not within the Section 3121(b)(20) exception to employment taxes. The taxpayer disputes this finding on the basis that the I.R.S.' definition of "normally" is not in accord with the intent of the statute.

The IRS disallowed the claim for refund on May 22, 1990, at plaintiff's request.

Plaintiff filed its complaint in the Claims Court on June 27, 1990. Thereafter, plaintiff moved for partial summary judgment, and defendant cross-moved. Plaintiff then filed an amended claim for refund with the IRS, dated August 16, 1991, and requested that the claim be disallowed. In this

amended claim, plaintiff contended as an additional ground for relief that it had no notice of the IRS' definition of "normally" and that plaintiff's settlement sheets were accurate as to the number of crew members for the periods at issue. Plaintiff advised the court that, once the IRS rejected its claim, plaintiff would seek leave to amend its complaint.

## DISCUSSION

A taxpayer must file a timely claim for refund as a condition precedent to filing a tax refund suit. I.R.C. § 7422(a). This requirement is jurisdictional. *United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025 (1931); *Sun Chemical Corp. v. United States*, 698 F.2d 1203, 1206 (Fed.Cir.), *cert. denied*, 464 U.S. 819, 104 S.Ct. 81, 78 L.Ed.2d 91 (1983); *Neptune Mut. Ass'n, Ltd., of Bermuda v. United States*, 13 Cl.Ct. 309, 321 (1987), *aff'd in part and vacated in part on other grounds*, 862 F.2d 1546 (Fed.Cir.1988) (citing cases). A claim for refund to the IRS "must set forth in detail each ground upon which ... [the] refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." Treas.Reg. § 301.6402–2(b)(1) (1990). A court cannot consider "[a]ny ground for refund not expressly or impliedly contained in the application for refund." *Burlington Northern Inc. v. United States*, 231 Ct.Cl. 222, 225, 684 F.2d 866, 868 (1982). Thus, for the Claims Court to have jurisdiction to consider plaintiff's contention that the IRS is estopped from imposing liability for employment taxes on plaintiff because plaintiff had no notice of the IRS' definition of the word "normally" as employed in I.R.C. § 3121(b)(20), plaintiff's claim for refund to the IRS must have asserted a ground for relief based on plaintiff's not having had notice of the IRS' interpretation of "normally."

Plaintiff's initial claim for refund to the IRS only asked for relief on the basis that the IRS' definition of "normally" did not comport with the intent of I.R.C. § 3121(b)(20). This claim does not expressly or impliedly contend that plaintiff lacked notice of the IRS' interpretation of the word "normally." The claim, as framed by plaintiff, was insufficient to apprise the Commissioner of a claim based on lack of notice of the IRS' interpretation of the word "normally" in the statute. Thus, the original claim for refund did not provide the Claims Court a basis for exercising jurisdiction over the issue of notice as pleaded in the complaint.

Plaintiff acknowledged the insufficiency of its initial claim for refund with respect to the issue of notice when plaintiff filed with the Commissioner an amended claim for refund dated August 16, 1991, setting out in detail its claim based on notice.[2] Plaintiff submitted the amended claim subsequent to denial of its original claim and after filing its complaint in the Claims Court. Once denied, however, a claim for refund cannot be amended. *United States v. Memphis Cotton Oil Co.*, 288 U.S. 62, 72, 53 S.Ct. 278, 282, 77 L.Ed. 619 (1933). Correspondingly, a jurisdictional deficiency in a complaint based on the insufficiency of a refund claim to the IRS cannot be cured by subsequently amending the claim. *See Rocovich v. United States*, 933 F.2d 991, 993 n. 4 (Fed.Cir.1991) (original jurisdictional deficiency in complaint because of nonpayment of taxes cannot be cured by subsequent payment of taxes). Jurisdiction is present or does not lie as of the date the complaint is filed. *Atari, Inc. v. JS & A Group, Inc.*, 747 F.2d 1422, 1431–32 (Fed. Cir.1984). The amended claim for refund does not alter the jurisdictional deficiency with respect to the notice issue in the complaint.

## CONCLUSION

Accordingly, based on the foregoing,

IT IS ORDERED, as follows:

1. Defendant's motion to dismiss Count II for lack of subject matter jurisdiction is

---

2. Defendant argues that plaintiff could not amend the claim for refund since the claim was denied. Defendant also argues that it is irrelevant to the issue of whether jurisdiction is present that plaintiff could file a new claim with the Commissioner. The facts before the court are not sufficient to establish whether plaintiff's "amended claim" is a new claim. However, this issue is not relevant to the issue for decision and is not addressed in this order.

granted with respect to plaintiff Flamingo. In accordance with RUSCC 54(b), there being no just reason for delay, the Clerk of the Court shall enter judgment dismissing Count II of No. 90–578T. The court does not rule on defendant's motion for partial summary judgment insofar as it addresses the merits. Plaintiff's cross-motion for summary judgment is denied since jurisdiction is foreclosed.

2. When plaintiff obtains a decision from the Commissioner on its claim regarding the notice issue and files a new complaint in the Claims Court, it shall be assigned to this judge and will be consolidated with the instant case.

3. Pursuant to RUSCC 42(a), this case is consolidated with *Nordic Fisheries, Inc. v. United States*, No. 91–1225T, since the actions involve a common question of law and fact and consolidation will avoid unnecessary costs or delay. Paragraph 2 of this order shall apply to any new complaint filed by Nordic Fisheries, Inc.

4. Filing fees are waived with respect to the new complaints.

5. Proceedings in this case and No. 91–1225T are stayed until plaintiff files its new complaints.